IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT DILLOW, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 7:22cv280 |
| | ) |
| VIRGINIA POLYTECHNIC INSTITUTE | ) |
| AND STATE UNIVERSITY, et al., | ) |
| | ) |
|    Defendants. | ) |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS BY SPECIAL APPEARANCE PURSUANT TO RULE 12(b)(5)**

Defendants Shanai Sloan ("Sloan")[1] and Rachael Tully ("Tully") (collectively "Defendants"), by counsel, pursuant to Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure, make a special appearance to submit this brief in support of their Motion to Dismiss by Special Appearance Pursuant to Rule 12(b)(5). The claims against Defendants should be dismissed for the reasons set forth below.

**STATEMENT OF THE CASE**

In this case, Robert Dillow claims that his two-year suspension from Virginia Tech violated his constitutional rights to due process and equal protection under the law and violated Title IX of the Education Amendments of 1972. After a female student accused Dillow of sexual assault in February 2020, Virginia Tech commenced an investigation of the female's allegations, held a disciplinary hearing in April 2020, and ultimately concluded that Dillow's actions warranted a two-year suspension. ECF No. 1. Since filing his complaint on June 2, 2022, Plaintiff failed to serve Defendants within the ninety-day


FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

---

[1] Improperly named "Shani Sloan".

- 1 -

629.0449\NHS
4879-8474-5521 .v3

period provided by Rule 4(m) of the Federal Rules of Civil Procedure. As such, the claims asserted against Defendants should be dismissed without prejudice.

### ARGUMENT & AUTHORITY

### I. Standard of Review

Federal Rule of Civil Procedure 12(b)(5) permits a defendant to file a pretrial motion to dismiss if a plaintiff fails to timely serve that defendant with a copy of the summons and complaint. Wade v. Suntrust Bank & Emples., No. 1:19cv1447, 2019 U.S. Dist. LEXIS 231506, at *3 (E.D. Va. Dec. 30, 2019) (citation omitted); see also 5B Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004)). If such a motion is filed, it is the plaintiff's burden to prove "service of process conformed to Federal Rule of Civil Procedure 4." Id. (internal quotations omitted).

Additionally, Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a party to challenge the sufficiency of service of process. Martin v. Big Apple Deli, LLC, No. GLR-14-3042, 2015 U.S. Dist. LEXIS 193017, at *3 (D. Md. Nov. 19, 2015); Cardenas v. City of Chi., 646 F.3d 1001, 1005 (7th Cir. 2011). "Once challenged, the burden of establishing validity of service under Federal Rule of Civil Procedure 4 shifts to the plaintiff." Urrego v. White, No. 3:17cv437, 2018 U.S. Dist. LEXIS 125607, at *14 (E.D. Va. July 3, 2018) (internal quotations omitted).[2]

"Federal Rule of Civil Procedure 4(m) requires that a plaintiff serve each defendant within 90 days of filing the complaint. If the plaintiff fails to do so, the court "'must dismiss the action without prejudice' unless 'the plaintiff shows good cause for the



---

[2] Importantly, "even pro se litigants are expected to comply with time requirements and other procedural rules without which effective judicial administration would be impossible." Chien v. Grogan, No. 1:16cv1470, 2017 U.S. Dist. LEXIS 42497, at *5–6 (E.D. Va. Mar. 23, 2017) (internal quotations omitted).

failure.'" Doe v. Va. Polytechnic Inst. & State Univ., No. 7:20cv711, 2021 WL 2156411, 2021 U.S. Dist. LEXIS 100649, *2 (W.D. Va. May 27, 2021) (Cullen, J.) (quoting Fed. R. Civ. P. 4(m) (hereinafter referred to as "Doe v. Va. Tech").

Rule 4(m) must be construed together with Rule 6. See Mendez v. Elliot, 45 F.3d 75, 78-79 (4th Cir. 1995); Martinez v. United States, 578 F. App'x 192, 193–94 (4th Cir. 2014) ("If a plaintiff requests an extension of time after the expiration of the 120 day limitation period, she must also show that she 'failed to act because of excusable neglect.'"); Hansan v. Fairfax Cnty. Sch. Bd., 405 F. App'x 793, 793–94 (4th Cir. 2010) (same); Doe v. Va. Tech, 2021 U.S. Dist. LEXIS 100649, *2. Rule 6 applies "in computing ***any time period specified in these rules***, in any local rule or court order, or in any statute that does not specify a method of computing time." Fed. R. Civ. P. 6(a) (emphasis added). Rule 6(b) of the Federal Rules of Civil Procedure allows the court "for good cause, [to] extend the time" by which "an act may or must be done." Fed. R. Civ. P. 6(b). If the time to act has already expired, as it has in this case, an extension may be granted only "**on motion** . . . [and] if the party failed to act because of excusable neglect." Id. (emphasis added); Martinez, 578 F. App'x at 193–94; see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 895–97, 896 n.5 (1990).

"'Excusable neglect is not easily demonstrated, nor was it intended to be.'" McLean v. Broadfoot, No. 4:10cv19, 2011 U.S. Dist. LEXIS 51458, at *24 (W.D. Va. May 13, 2011) (quoting Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 534 (4th Cir. 1996)). Indeed, "there are limits to what a District Court may accept as excusable neglect." Id. (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392-95 (1993)). The court must make an equitable determination



629.0449\NHS
4879-8474-5521 .v3

> taking account of all relevant circumstances surrounding the party's omission, including the danger of prejudice to the nonmoving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Id. (quoting Bredell v. Kempthorne, 290 F. App'x 564, 565 (4th Cir. 2008)). The most important consideration, however, is the reason for the untimeliness. Doe v. Va. Tech, 2021 U.S. Dist. LEXIS 100649, *2 (citations omitted).

Thus, "'[e]xcusable neglect comprises both a demonstration of good faith by the moving party and a reasonable basis for noncompliance with the specified time period.'" Eagle Fire, Inc. v. Eagle Integrated Controls, Inc., No. 3:06cv264, 2006 U.S. Dist. LEXIS 41054, at *12 (E.D. Va. June 20, 2006) (quoting 1 Moore's Federal Practice § 6.06(3)(b)). "'Ignorance of when a time period expires does not qualify as excusable neglect,' however, 'nor does a busy schedule, lack of diligence, inadvertence, or other manifestations of carelessness and laxity.'" M. Shanken Commc'ns, Inc. v. Variant Events, LLC, No. 3:10cv804, 2011 U.S. Dist. LEXIS 56138, at *19–20 (E.D. Va. May 25, 2011) (quoting Eagle Fire, Inc., 2006 U.S. Dist. LEXIS 41054, at *12). Furthermore, "'[i]n most instances, mistaken reliance on provisions of the Rules or unfamiliarity with the Rules will not rise to the level of excusable neglect.'" Eagle Fire, Inc., 2006 U.S. Dist. LEXIS 41054, at *12 (quoting 1 Moore's Federal Practice § 6.06(3)(c)); see also Symbionics, Inc. v. Ortlieb, 432 F. App'x 216, 220 (4th Cir. 2011) (unpublished) (declining to find excusable neglect where a calendaring error caused plaintiff's filing to be one day late and holding "this neglect is precisely the sort of run-of-the-mill inattentiveness by counsel that we have consistently declined to excuse in the past").


FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 4 -

629.0449\NHS
4879-8474-5521 .v3

Accordingly, Plaintiff bears the burden of coming forward with facts sufficient for the Court to make a factual finding of "excusable neglect" for failing to timely serve Defendants. Scott v. Md. State Dep't of Labor, 673 F. App'x 299, 304 (4th Cir. 2016) (citing Dickerson v. Napolitano, 604 F.3d 732, 752 (2d Cir. 2010)).

## II. **Dillow Failed to Timely Serve Tully and Sloan.**

Plaintiff filed suit on June 2, 2022. ECF No. 1. The last day to effect service on Defendants was August 31, 2022. See Fed. R. Civ. P. 4(m). Plaintiff did not even request summonses until August 5—less than a month before the deadline to effect service. ECF No. 2. Plaintiff never filed a motion for extension of time to effect service.

As set forth below, although Dillow filed a purported executed summons as to Tully, Tully was not properly served under Rule 4(e) and Va. Code § 8.01-296. Thus, Tully has never been served, and the ninety-day period to execute service has expired. Sloan has not been served either. As such, both defendants should be dismissed.

### a. **Tully**

On September 2, 2022, Dillow filed an "executed" summons for Tully with a purported "date of service" of August 24, 2022. ECF No. 17, *1. The "method of service" section, however, does not indicate how the summons was purportedly served on Tully. Id. (no boxes checked). Rather, the "method of service" section contains only the following cryptic notation: "New residents here 1 month." Id. The address of service on the summons is 1004 Palmer Drive in Blacksburg, Virginia. Tully, however, does not live at 1004 Palmer Drive, Blacksburg, Virginia. **Ex. A**, Decl. of Rachael Tully. Tully resides in Richmond, Virginia. Id. And there is no evidence that service has been attempted on her at any address other than the 1004 Palmer Drive, Blacksburg, Virginia, address.


FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 5 -

629.0449\NHS
4879-8474-5521 .v3

Because the "method of service" section of the Summons is blank, the return does not establish that Tully was actually served in compliance with the means available pursuant to Va. Code § 8.01-296. See Fed. R. Civ. P. 4(e). Thus, the return is deficient on its face. Moreover, because Dillow requested service on Tully at an incorrect address, even if Dillow posted the summons at the 1004 Palmer Drive address, that does not constitute executed service on Tully. See Fed. R. Civ. P. 4(e); Va. Code § 8.01-296(2)(b). Dillow never sent a request for waiver of service to Tully. Because Plaintiff failed to timely serve Tully, failed to file a motion for extension of time to effect service, and failed to provide any reason—much less "excusable neglect"—for not timely serving Tully in the time provided for in Rule 4(m), Tully should be dismissed from this case without prejudice. Doe v. Va. Tech, 2021 U.S. Dist. LEXIS 100649, at *3.

    **b. Sloan**

Dillow has not served Sloan, and Dillow did not issue a request for waiver of service to Sloan either. Because Dillow failed to timely serve Sloan, failed to file a motion for extension of time to effect service, and failed to provide any reason—much less "excusable neglect"—for not timely serving Sloan in the time provided for in Rule 4(m), Sloan should be dismissed from this case without prejudice. Doe v. Va. Tech, 2021 U.S. Dist. LEXIS 100649, at *3.

### CONCLUSION

For the foregoing reasons, defendants Shani Sloan and Rachael Tully, by counsel, respectfully request entry of an Order dismissing them from this case and granting such further relief as the Court deems just and proper.

    Respectfully submitted,


FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0449\NHS
4879-8474-5521 .v3

SHANI SLOAN and RACHAEL TULLY

/s/
Katherine C. Londos (VSB #: 36848)
Nathan H. Schnetzler (VSB #: 86437)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:     540/772-9167
Email: klondos@faplawfirm.com
            nschnetzler@faplawfirm.com

Kay Heidbreder (VSB No.: 22288)
University Legal Counsel and
Senior Assistant Attorney General
*heidbred@vt.edu*
M. Hudson McClanahan (VSB No.: 46363)
*hud3@vt.edu*
Kristina J. Hartman (VSB No.: 92279)
*kjhart06@vt.edu*
Stephen F. Capaldo (VSB No.: 74045)
*scapaldo@vt.edu*
Associate University Legal Counsel and
Assistant Attorney General
University Legal Counsel (0121)
Burruss Hall, Suite 236, Virginia Tech
800 Drillfield Drive
Blacksburg, VA  24060
Phone: (540) 231-6293
Fax: (540) 231-6474

*Counsel for Defendants*



629.0449\NHS
4879-8474-5521 .v3

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

                                              /s/ Nathan H. Schnetzler
                                                              Of Counsel



FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0449\NHS
4879-8474-5521 .v3