# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ROBERT DILLOW,**  *Plaintiff,*  v.  **VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY; et al.,**  *Defendants.* | Case No. 7:22-cv-00280-TTC |

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS FOR LACK OF SERVICE

**NOW COMES** Plaintiff, Robert Dillow, by and through his attorney, with Plaintiff's Response to Defendants' Motion to Dismiss and hereby states the following:

# **TABLE OF CONTENTS**

I. TABLE OF AUTHORITIES ................................................................................................3

II. STATEMENT OF FACTS .................................................................................................4

III. STANDARD OF REVIEW ...............................................................................................4

IV. ARGUMENT ....................................................................................................................5

V. CONCLUSION ..................................................................................................................7

## I. TABLE OF AUTHORITIES

**Cases**

*Armco, Inc. v. Penrod-Stauffer Bldg. Sys.*, 733 F.2d 1087 (1984) ............................5

*Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) ...................................................................................................................5

*Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963) ......................................5

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) ................................................................................5

*Pitts v. O'Geary*, 914 F. Supp. 2d 729, 735 (E.D.N.C. 2012) ...................................5

**Rules**

Fed. R. Civ. P. 12(b)(5) ................................................................................................4

Fed. R. Civ. P. 4(m) ....................................................................................................5

## II. STATEMENT OF FACTS

Plaintiff filed the Complaint in the present action on June 2, 2022. (ECF 1). Summons were issued for Defendant Tully and Defendant Sloan on August 5, 2022. (ECF 3). Plaintiff engaged a process server in order to serve the Complaint on Defendants. The process server made every attempt to locate Defendant Tully and Defendant Sloan to legally serve the Complaint. Defendant Tully and Defendant Sloan now move the Court by special appearance to dismiss the Complaint as to themselves for failure to serve. (ECF 24).

Defendants' evasion of service should not be held to prejudice Plaintiff from adjudication of his claims.

Plaintiff respectfully requests that service on Defendant Tully and Defendant Sloan be allowed in furtherance of justice.

## III. STANDARD OF REVIEW

Rule 12(b)(5) of the Federal Rules of Civil Procedure provides that a court may dismiss a claim that fails to comply with the requirements of service of process under Rule 4. Fed. R. Civ. P. 12(b)(5). A federal district court has discretion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(5).

The prevailing purpose of the service rules are to ensure that a defendant is notified that a lawsuit has been filed against him, such that the litigation does not commence without him and deny him due process under the law. *Murphy Bros. v.*

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999). Where "the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction," *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

A dismissal under Rule 12(b)(5) for failure to properly complete service is a dismissal without prejudice, typically permitting the Plaintiff an opportunity to refile his complaint and properly effectuate service of process. See *Pitts v. O'Geary*, 914 F. Supp. 2d 729, 735 (E.D.N.C. 2012). It is with this bedrock principle in mind that the Fourth Circuit has consistently held that a plaintiff's failure to strictly comply with Rule 4 does not warrant dismissal of the case where the defendant has actual notice of the lawsuit against it. *Armco, Inc. v. Penrod-Stauffer Bldg. Sys.*, 733 F.2d 1087 (1984); *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963).

Fed. R. Civ. P. 4(m) provides that should a court decide to dismiss a complaint it must dismiss the action without prejudice against that defendant.

## IV.  ARGUMENT

Defendants' statements that Defendant Tully and Defendant Sloan have not been properly served are true. Plaintiff mailed Rule 4 waivers to all named Defendants on July 19, 2022. None were returned to Plaintiff resulting in Plaintiff obtaining a process server to commence service of process on the Defendants. All the Defendants were able to be served at Virginia Tech with the exception of

Defendant Tully, Defendant Sloan and Defendant Schuh as they are no longer employed at Virginia Tech. Defendant Schuh address was obtained and was able to be served as his residence. Execution of summons were returned for the named Defendants. (ECF 4-9). Defendant Tully and Defendant Sloan's unexecuted summons' were mailed to the Court as Plaintiff remained *pro se* at the time. (ECF 17-18). Defendants' allegation that Plaintiff entered an unexecuted summons as executed is untrue.

At the time the process server determined that Defendant Tully and Defendant Sloan were no longer employed at Virginia Tech, they undertook alternatives means to find the Defendants. Addresses for the Defendants were visited. Both Defendants had moved with no forwarding address. The process server attempted to contact the Defendants by email but was unsuccessful. The process server made every reasonable effort to locate and serve the Defendants within the allotted timeframe. (Exhibit A).

Plaintiff remained *pro se* until September 8, 2022, when the court issued an Order granting the *pro hac vice* motion of Keith Altman. Notably, after the service deadline of August 31, 2022.

Plaintiff respectfully requests that the Court allow Plaintiff's counsel to file a motion for an extension of time to serve Defendant Tully and Defendant Sloan. In

6

the alternative, Plaintiff requests that the Court allow the Plaintiff to serve the Defendants through their counsel.

## V. CONCLUSION

Wherefore, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss and allow for service of Defendants Tully and Sloan through their counsel of which has appeared on the present case.

Dated: September 23, 2022                 Respectfully submitted,

Keith Altman, Esq.  (*pro hac vice*)
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com

/s/ *William W. Smith*
William W. Smith, III, Esq.
(VA Bar ID 92533)
Critzer Cardani, PC
12090 West Broad Street, 2nd Floor
Henrico, VA 23233
(804) 793-8010
(804) 767-3436 fax
Will@cclawva.com

# Exhibit A

# AFFIDAVIT OF NON-SERVICE

| Case:<br>7-22-CV-00280 | Court:<br>In the United States District Court of Western District of Virginia | County: | Job:<br>7513773 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Robert Dillow | | Defendant / Respondent:<br>Virginia Polytechnic Institute and State University | |
| Received by:<br>PA Virtual Services, LLC | | For:<br>Kaltman Law | |
| To be served upon:<br>Shanai Sloan | | | |

I, Julie Schneck, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Shanai Sloan, 10135 Clair Ave, Pittsburgh, PA 15235
**Manner of Service:** Non-Service
**Documents:** Summons, Complaint

**Additional Comments:**
1) Unsuccessful Attempt: Aug 16, 2022, 3:30 pm EDT at 10135 Clair Ave, Pittsburgh, PA 15235
Spoke with current resident. States she just recently moved in at this address with her boyfriend. Says she does not know that individual. She spoke broken English and appears to be of foreign descent.

*Julie Schneck*      08/17/2022

Julie Schneck      Date

PA Virtual Services, LLC
9 Christine Drive
Cheswick, PA 15024
4127219288

# SERVICE OTHER THAN BY VIRGINIA SHERIFF

VA. CODE 8.01-293, 8.01-320, 8.01-325

Case No. 7:22-cv-00280-TTC

U.S. DISTRICT COURT
WESTERN DISTRICT VIRGINIA
ROBERT DILLOW

SERVE > RACHEL TULLY
1004 PALMER DR

BLACKSBURG, VA

v. VIRGINIA POLYTECHNIC INSTITUTE AND STATE

is the name and address of the person upon whom service of the following is to be made.

[X] SUMMONS & COMPLAINT

[ ]

I, the undersigned swear/affirm that:
1. [ ] I am an official or an employee of an official who is authorized to serve process of type described in the atttached Proof of Service and my title and bailiwick are:

or,

2. [X] I am a private process server.
   I am not a party to, or otherwise interested in, the subject matter in controversy in this case.
3. I am over 18 years of age or older.
4. I served, as shown below, the above-named person upon whom service of process was to be made with copies described above.

- Date and time of service: 24 AUG 22

- Place of service: SAME AS ABOVE
  Street Address, City and State

- Method of service:

[ ] personal service    [ ] Other (allowed only in Virginia)

[ ] Being unable to make personal service, a copy was delivered in the following manner:
  [ ] Delivery to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of person to be served after giving information of its purport.
  List name, age of recipient, and relation of recipient to party:
  NEW RESIDENTS HERE 1 MONTH
[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode (other authorized recipient not found).

AUG 26 2022
DATE

SIGNATURE

Name (Print or Type): **PAUL YENGST**

State of Virginia    [X] City    [ ] County of Roanoke

Subscribed and sworn to/affirmed before me this day by the above named process server

AUG 26 2022
DATE

NOTARY PUBLIC

CAREY SCHENK GIBSON
Notary Public - Reg. # 7583712
Commonwealth of Virginia
My Commission Expires July 31, 2026

PAUL YENGST & ASSOCIATES, INC.    P.O. BOX 2525 ROANOKE, VA 24010    540-7

PROCESS SERVICE SINCE 1985

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ROBERT DILLOW,** *Plaintiff,* v. **VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY, et al.** *Defendants.* | Case No. 7:22-cv-00280-TTC  **CERTIFICATE OF SERVICE** |

I certify that on September 23, 2022, I served the foregoing Plaintiff's Response to Defendants' Motion to Dismiss for Lack of Service upon all parties herein by filing copies of same using the CM/ECF System.

Respectfully Submitted,

Keith Altman, Esq.

8