IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **ROBERT DILLOW,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:22cv280 |
| ) | |
| **VIRGINIA POLYTECHNIC INSTITUTE** ) | |
| **AND STATE UNIVERSITY, et al.,** ) | |
| ) | |
| Defendants. ) | |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS BY SPECIAL APPEARANCE PURSUANT TO RULE 12(b)(5)**

Defendants Shanai Sloan ("Sloan") and Rachael Tully ("Tully") (collectively "Defendants"), by counsel, make a special appearance to submit this reply brief in support of their Motion to Dismiss by Special Appearance Pursuant to Rule 12(b)(5).

**ARGUMENT & AUTHORITY**

Since filing his complaint on June 2, 2022, plaintiff Robert Dillow ("Dillow") failed to serve Defendants within the ninety-day period provided by Rule 4(m) of the Federal Rules of Civil Procedure. As such, the claims asserted against Defendants should be dismissed without prejudice.

In his opposition brief, Dillow argues that his claim should be allowed to proceed against Defendants because they have "actual notice of the lawsuit . . . ." ECF No. 27, *5. Dillow also seems to contend that the Court should liberally apply the mandate of Rule 4(m) because he was—technically—*pro se* until September 7.[1] Id., *6. Dillow's first argument is



---

[1] Dillow incorrectly claims he was *pro se* until September 8. Local counsel filed a notice of appearance on September 7. ECF No. 19.

- 1 -

629.0449\NHS
4889-4548-1525 .v1

a red herring. Dillow's second contention is dubious, at best, as Dillow has, in fact, been represented by counsel for long before September 7.[2]

I. **Dillow's Argument Regarding "Notice" Does Not Overcome the Mandate of Rule 4(m)**

The cases Dillow relies on to argue notice of a lawsuit trumps the requirements for service of process have no application here and actually refute, rather than support, his argument.

Murphy Brothers v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), addressed when the time for a defendant to file a notice of removal from state court began to run. 526 U.S. at 347. Notably, the Murphy Brothers Court determined that receipt of a courtesy copy of the Complaint did not trigger the time for the defendant to file a notice of removal. Id.

In Armco, Inc. v. Penrod-Stauffer Building Systems, 733 F.2d 1087 (4th Cir. 1984), cited by Dillow, the Fourth Circuit rejected Dillow's contention that notice is sufficient to comply with the service of process requirements. In that case, the plaintiff failed to serve the corporate defendant in accordance with Maryland law and Rule 4, but the defendant received actual notice of the lawsuit. Id. at 1089–90. The Armco Court concluded that notice was not enough because "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Id. at 1089. Because the plaintiff failed to properly serve the defendant, the district court lacked jurisdiction over the defendant. Id.

---

[2] Dillow also claims that "Defendants' allegation that Plaintiff entered an unexecuted summons as executed is untrue." ECF No. 27, *6. Had Dillow reviewed the Court's docket, however, the docket clearly reflects that the summons issued to Rachel Tully at the Blacksburg, Virginia, address was marked as "Returned Executed." ECF No. 17.

Karlsson v. Rabinowitz, 318 F.2d 666 (4th Cir. 1963), decided prior to the Fourth Circuit's decision in Armco, *supra*, is also factually distinguishable. In that case, the defendant had sold his home in Maryland, purchased a new home in Arizona, and left the state of Maryland with no intent to return. Id. at 667. The defendant's wife and family, however, remained in the Maryland home because the closing of the sale of the Maryland home had not yet occurred. Id. Substituted service was made on the defendant's wife at the Maryland home. Id. Based on those facts, the Fourth Circuit concluded that the service was sufficient. Id. at 669. Here, by contrast, there has been no service on either defendant by substituted service or otherwise.

Finally, the remaining case cited by Dillow, Pitts v. O'Geary, 914 F. Supp. 2d 729 (E.D.N.C. 2012), again, supports Defendants' argument. In Pitts, the plaintiffs failed to meet their burden to prove proper service when they sent the defendants a copy of the complaint but failed to include a summons. Id. at 733. The Pitts Court rejected outright the very same argument Dillow attempts to make here. Id. ("... plaintiffs appear to argue that Gill's actual knowledge of the complaint and the motion to dismiss of Gill and the Vance County Board of Elections are sufficient to prove proper service .... Plaintiffs are incorrect.").

## II. Dillow Has Provided No Evidence to Establish Excusable Neglect or Even Good Cause for Failure to Timely Serve Defendants

Without providing any evidence, Dillow claims in conclusory fashion that the "process server made every reasonable effect [sic] to locate and serve the Defendants within the allotted timeframe." ECF No. 27, *6 (citing ECF No. 27-1). The only evidence Dillow provides to support his allegation are the summonses previously filed with the Court. ECF No. 27-1. Each summons reflects *only one attempt* to serve each defendant.



- 3 -

629.0449\NHS
4889-4548-1525 .v1

Notably, however, despite Dillow's contention that he was *pro se* when initiating this suit, the summons issued for Sloan reflects that it was issued at the request of "Kaltman Law," which, of course, is the law firm of Dillow's *pro hac vice* counsel. The date of the attempted service was August 16, 2022, id., which was *prior* to even the filing of the other defendants' (Virginia Tech, Penermon, Schuh, Polidoro, Scott, and Keene) initial Motion to Dismiss. See ECF No. 12. Moreover, the requests for waiver of service referenced by Dillow in his opposition brief were also sent with return envelopes addressed to "K Altman Law," not Dillow's address of record. See **Ex. A**. The mailing date of the request for waiver was July 19. Id. Thus, Dillow's reliance on his alleged *pro se* status during the initial months of this suit is utterly baseless.

There is no evidence before the Court that Dillow made any reasonably diligent effort to timely serve Sloan or Tully. Simply because Defendants were no longer employed at Virginia Tech is not good cause for failure to timely serve. Myriad options exist for a plaintiff to locate a viable address for a defendant, and there is no evidence before the Court that Dillow, his counsel, or his agents utilized or even attempted to utilize any of those outlets. See Dennis v. Jones, 240 Va. 12, 19 (1990) (describing "routine methods" for locating defendant).

Finally, while he "requests that the Court allow Plaintiff's counsel to file a motion for extension to serve" Defendants, Dillow still has not actually filed a motion for extension of time to effect service. See Fed. R. Civ. P. 7(b)(1) (a "request for a court order must be made by motion," which must state the grounds for seeking the order and state the relief sought).

Dillow does not contest that it is his burden to come forward with facts sufficient for the Court to make a factual finding of "excusable neglect for his failure to timely serve



629.0449\NHS
4889-4548-1525 .v1

Defendants. Scott v. Md. State Dep't of Labor, 673 F. App'x 299, 304 (4th Cir. 2016) (citing Dickerson v. Napolitano, 604 F.3d 732, 752 (2d Cir. 2010)). Dillow's representations in his brief are not evidence, and he attaches nothing more than the summonses already on file with the Court. Thus, even if Dillow had filed a motion for extension, he has failed to satisfy his burden.

## CONCLUSION

As the authority cited by Dillow himself makes clear, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc., 733 F.2d at 1089. While practice in the Western District of Virginia generally embraces "the liberal spirit" of the Federal Rules of Civil Procedure, Cornett v. Weisenburger, 454 F. Supp. 2d 544, 549 (W.D. Va. 2006), the Rules must have some teeth lest they be relegated to mere guidelines. *Pro se* litigants are not held to any "lower standard when it comes to rules of evidence and procedure." Thomas v. Educ. Credit Mgmt. Corp., No. 3:06cv37, 2008 WL 112042, 2008 U.S. Dist. LEXIS 1630, at *9 n.4 (W.D. Va. Jan. 9, 2008) (internal quotations omitted). Here, it is clear that Dillow has been represented by counsel since *at least* July. If *pro se* litigants do not benefit from any leniency for compliance with the procedural rules, then certainly parties represented by counsel should be expected to comply with the basic procedural requirements of federal litigation.

For the foregoing reasons, Defendants, by counsel, respectfully request entry of an Order dismissing them from this case and granting such further relief as the Court deems just and proper.



Respectfully submitted,

SHANAI SLOAN and RACHAEL TULLY

- 5 -

629.0449\NHS
4889-4548-1525 .v1

/s/_____
Katherine C. Londos (VSB #: 36848)
Nathan H. Schnetzler (VSB #: 86437)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:     540/772-9167
Email: klondos@faplawfirm.com
            nschnetzler@faplawfirm.com


Kay Heidbreder (VSB No.: 22288)
University Legal Counsel and
Senior Assistant Attorney General
*heidbred@vt.edu*
M. Hudson McClanahan (VSB No.: 46363)
*hud3@vt.edu*
Kristina J. Hartman (VSB No.: 92279)
*kjhart06@vt.edu*
Stephen F. Capaldo (VSB No.: 74045)
*scapaldo@vt.edu*
Associate University Legal Counsel and
Assistant Attorney General
University Legal Counsel (0121)
Burruss Hall, Suite 236, Virginia Tech
800 Drillfield Drive
Blacksburg, VA  24060
Phone: (540) 231-6293
Fax: (540) 231-6474

*Counsel for Defendants*



629.0449\NHS
4889-4548-1525 .v1

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

/s/ Nathan H. Schnetzler
Of Counsel



629.0449\NHS
4889-4548-1525 .v1