**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **ROBERT DILLOW,** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 7:22cv280 |
| ) | |
| **VIRGINIA POLYTECHNIC INSTITUTE** ) | |
| **AND STATE UNIVERSITY, et al.,** ) | |
| ) | |
|    **Defendants.** ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO RULE 12(b)(1)**

Defendants Virginia Polytechnic Institute and State University, Shara Penermon, Steven Schuh, Katie Polidoro, Anthony Scott, and Frances Keene (collectively "Defendants"), by counsel, submit this brief in support of their Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The claims against Defendants should be dismissed for the reasons set forth below.

**STATEMENT OF THE CASE**

In his Amended Complaint, Robert Dillow claims that his two-year suspension from Virginia Tech violated his constitutional rights to due process and equal protection under the law and violated Title IX of the Education Amendments of 1972. Dillow also asserts claims for breach of contract, negligence, and negligent infliction of emotional distress ("NIED") under Virginia law. As set forth more fully below, Dillow's claims against Virginia Tech for money damages are not cognizable under 42 U.S.C. § 1983, and sovereign immunity bars state law claims against Defendants as well. Therefore, those claims should be dismissed.



629.0449\NHS
4873-2486-4053 .v4

## ARGUMENT & AUTHORITY

### I. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to challenge the court's subject matter jurisdiction to hear a claim. A Rule 12(b)(1) motion may present either a facial challenge or a substantive challenge to the allegations in a complaint. Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). A facial challenge is based on the plaintiff's failure "'to allege facts upon which subject matter jurisdiction can be based.'" Id. (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). A substantive challenge under Rule 12(b)(1) "challenges the factual predicate of [the court's] subject matter jurisdiction" and permits a court to "go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations, without converting the motion to a summary judgment proceeding." Id. (internal quotation and emphasis omitted). "[T]he burden of proving subject matter jurisdiction is on the plaintiff." Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams, 697 F.2d at 1219).

### II. Virginia Tech's Immunity Bars Some of Dillow's Claims

Many of Dillow's claims against Virginia Tech are barred. Because neither Virginia Tech nor its officials are "person[s]" for purposes of 42 U.S.C. § 1983, and Defendants are entitled to sovereign immunity afforded by the Eleventh Amendment, the Court lacks subject matter jurisdiction to hear Dillow's claims for money damages against Virginia Tech pursuant to 42 U.S.C. § 1983 and his state law claims against Defendants.

**a. Virginia Tech is not a "person" for purposes of 42 U.S.C. § 1983.**



629.0449\NHS
4873-2486-4053 .v4

42 U.S.C. § 1983 provides a remedy for violations of a right secured by the Constitution and the laws of the United States "'committed by a person acting under color of state law.'" Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)). "[A]n official-capacity suit against a state officer 'is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself.'" Hafer v. Melo, 502 U.S. 21, 26 (1991) (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Will, 491 U.S. at 71.

Virginia Tech is a state agency. Va. Code § 23.1-2600, et seq. The Board of Visitors of Virginia Tech is a body corporate created by the Virginia General Assembly to operate the university. Id. Therefore, neither Virginia Tech nor any of its officials in their official capacity is a "person" under § 1983. See Yunsong Zhao v. Va. Polytechnic Inst. & State Univ., No. 7:18cv189, 2018 WL 5018487, 2018 U.S. Dist. LEXIS 177991, at *8 (W.D. Va. Oct. 15, 2018) (citing Carboni v. Meldrum, 949 F. Supp. 427, 433 (W.D. Va. 1996); Collin v. Rector & Bd. of Visitors of the Univ. of Va., 873 F. Supp. 1008, 1013 (W.D. Va. 2005)). Accordingly, Dillow may only recover equitable relief from Virginia Tech.

    b. **Virginia Tech is entitled to Eleventh Amendment Immunity.**

The Eleventh Amendment to the United States Constitution grants the several states immunity from citizen-suits for money damages without the states' consent. See Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996) (citing Hans v. Louisiana, 134 U.S. 1, 13 (1890)). Sovereign immunity also protects state officials sued for damages in their official capacities. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Bland v. Roberts, 730 F.3d 368, 389-90 (4th Cir. 2013) (Eleventh Amendment immunity for state officials extends to "state



629.0449\NHS
4873-2486-4053 .v4

agents and state instrumentalities" who are "arms of the State."). Congress may abrogate a state's sovereign immunity, id., but 42 U.S.C. § 1983 contains no such legislative intent. McConnell v. Adams, 829 F.2d 1319, 1328 (4th Cir. 1987) (citing Quern v. Jordan, 440 U.S. 332, 341 (1979)). Furthermore, while the Virginia Tort Claims Act, Va. Code § 8.01-195 et seq., permits a claim for damages against the Commonwealth of Virginia, that Act specifically preserves "individual immunity of judges, the Attorney General, attorneys for the Commonwealth, and other public officers, their agents, and employees from tort claims for damages . . . ." Accord Rector & Visitors of the Univ. of Va. v. Carter, 267 Va. 242, 245, 591 S.E.2d 76, 78 (2004); McConnell, 829 F.2d at 1329.[1]

The "Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar." Edelman v. Jordan, 415 U.S. 651, 677-78 (1974) (citing Ford Motor Co. v. Dep't of Treasury, 323 U.S. 459 (1945)). Thus, the application of sovereign immunity may be considered for purposes of Rule 12(b)(1) as a facial attack to subject matter jurisdiction. See Stidham v. United States, No. 1:15cv15, 2015 U.S. Dist. LEXIS 87271, at *4-5, 2015 WL 4076800 (W.D. Va. July 6, 2015); Trantham v. Henry Cnty. Sheriff's Office, No. 4:10cv58, 2011 U.S. Dist. LEXIS 24512, at *9, 2011 WL 863498 (W.D. Va. Mar. 10, 2011) (collecting cases); Colonial Beach Yacht Ctr., Inc. v. United States, 700 F. Supp. 2d 774, 778 (E.D. Va. 2010).

Sovereign immunity shields a state agency from suit if the agency acts as an "arm of the state." Cash v. Granville Cnty. Bd. of Educ., 242 F.3d 219, 224 (4th Cir. 2001); Harter v. Vernon, 101 F.3d 334, 337 (4th Cir. 1996). This inquiry hinges on whether "'under state law,



---

[1] In addition, state courts retain exclusive jurisdiction to hear claims brought pursuant to the Virginia Tort Claims Act. Va. Code § 8.01-195.4; Trantham v. Henry Cnty. Sheriff's Office, No. 4:10cv58, 2011 U.S. Dist. LEXIS 24512, at *14-15, 2011 WL 863498 (W.D. Va. Mar. 10, 2011).

629.0449\NHS
4873-2486-4053 .v4

the entity functions more like a county or municipality than like an arm of the State itself.'" Kincaid v. Anderson, No. 1:14cv27, 2015 WL 3546066, 2015 U.S. Dist. LEXIS 73510, at *7 (W.D. Va. June 8, 2015) (quoting Nelson v. Herrick, No. 3:11cv0014, 2011 U.S. DIst. LEXIS 123618, 2011 WL 5075649, at *9 (W.D. Va. Oct. 26, 2011)).

As an agency of the Commonwealth, Virginia Tech enjoys Eleventh Amendment immunity from suit in federal court. See Carboni, 949 F. Supp. at 433 (Virginia Tech is entitled to Eleventh Amendment immunity). Accordingly, Dillow's § 1983 claims and state law claims in Counts Four, Five, and Six against Virginia Tech must be dismissed.

### III. The Claims Against the Individual Defendants are Official Capacity Claims.

According to the style of the Amended Complaint, the individual defendants are sued in their individual capacity only. But see Martin v. Wood, 772 F.3d 192, 195 (4th Cir. 2014). Form does not dictate substance for purposes of whether a claim against a state official is against the official in his or her individual or official capacity. Id. Thus, the Court must determine "the real, substantial party in interest" by considering whether

> (1) were the allegedly unlawful actions of the state officials tied inextricably to their official duties; (2) if the state officials had authorized the desired relief at the outset, would the burden have been borne by the State; (3) would a judgment against the state officials be institutional and official in character, such that it would operate against the State; (4) were the actions of the state officials taken to further personal interests distinct from the State's interests; and (5) were the state officials' actions ultra vires."

Id. (internal quotations and citations omitted).

Here, Dillow's Amended Complaint alleges the individual defendants, as Virginia Tech officials, were acting in accordance with their official duties. The desired relief would be borne by the Commonwealth, and any judgment would be institutional and official in character. The Amended Complaint does not allege any of the individual defendants acted



- 5 -

629.0449\NHS
4873-2486-4053 .v4

in furtherance of some personal interest distinct from the Commonwealth's interest. And the Amended Complaint contains no showing of any ultra vires action taken by any individual defendant. Rather, the actions alleged in the Amended Complaint were done as part of these individual's official duties. Clowdis v. Silverman, No. 3:15cv128, 2019 WL 1415454, 2019 U.S. Dist. LEXIS 53855, *28–29 (E.D. Va. Mar. 28, 2019) aff'd 785 F. App'x 101 (4th Cir. 2019); Wootten v. Virginia, No. 6:14cv13, 2015 WL 1943274, 2015 U.S. Dist. LEXIS 55994, *8 n.3 (W.D. Va. Apr. 29, 2015).

Thus, while Dillow named the individual defendants in their individual capacities, Dillow's claims are really claims against the individual defendants in their official capacities, and the Eleventh Amendment protects them from suit as well. See Will, 491 U.S. at 71; Bland, 730 F.3d at 389-90; Carboni, 949 F. Supp. at 433. Therefore, Dillow's § 1983 claims and state law claims against the individual defendants are barred by Eleventh Amendment immunity as well.

**IV. Individuals Are Not Proper Parties under Title IX**

Dillow claims "Defendants' violations" of Title IX caused him harm and asks the Court to "[e]nter judgment against Defendants" as to his claim under Title IX. ECF No. 26, *26. Dillow's claim against "Defendants" in Count Three of the Amended Complaint is improper.



Title IX authorizes suits against institutions and programs only, not against school officials, teachers, or other individuals. "Title IX reaches institutions and programs that receive federal funds, 20 U.S.C. § 1681(a) . . . but it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals." Fitzgerald v. Barnstable School Comm., 555 U.S. 246, 247 (2009). Therefore, Dillows claim against the

629.0449\NHS
4873-2486-4053 .v4

individual defendants under Title IX must be dismissed pursuant to Rule 12(b)(1) because they are not proper parties to the claim. See Outterbridge v. Dep't of Homeland Sec., No. 15-1391, 2017 U.S. Dist. LEXIS 104996, at *3–4 (D.D.C. July 7, 2017) (citing Nichols v. Agency for Int'l Dev., 18 F. Supp. 2d 1, 3 (D.D.C. 1998); see also Jennings v. Univ. of N.C., 444 F.3d 255, 268 n.8 (4th Cir. 2006) (collecting cases); Armstrong v. James Madison Univ., No. 5:16cv53, 2017 WL 2406640, 2017 U.S. Dist. LEXIS 84191, at *7 (W.D. Va. June 1, 2017) (citing Bracey v. Buchanan, 55 F. Supp. 2d 416, 419 (E.D. Va. 1999)). As such, the only proper party to Dillow's Title IX claim is Virginia Tech.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request entry of an Order granting their Motion to Dismiss Pursuant to Rule 12(b)(1), granting their Motion to Dismiss pursuant to Rule 12(b)(6), dismissing the Amended Complaint with prejudice and striking it from the active docket of this Court, and granting such further relief as the Court deems just and proper.

Respectfully submitted,

VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY, SHARA PENERMON, STEVEN SCHUH, KATIE POLIDORO, ANTHONY SCOTT, and FRANCES KEENE

/s/  
Katherine C. Londos (VSB #: 36848)  
Nathan H. Schnetzler (VSB #: 86437)  
FRITH ANDERSON + PEAKE, P.C.  
29 Franklin Road, SW  
P.O. Box 1240  
Roanoke, Virginia 24006-1240  
Phone: 540/772-4600  
Fax:    540/772-9167  
Email: klondos@faplawfirm.com  
           nschnetzler@faplawfirm.com



629.0449\NHS  
4873-2486-4053 .v4

                    Kay Heidbreder (VSB No.: 22288)
                    University Legal Counsel and
                    Senior Assistant Attorney General
*heidbred@vt.edu*
M. Hudson McClanahan (VSB No.: 46363)
*hud3@vt.edu*
Kristina J. Hartman (VSB No.: 92279)
*kjhart06@vt.edu*
Stephen F. Capaldo (VSB No.: 74045)
*scapaldo@vt.edu*
Associate University Legal Counsel and
Assistant Attorney General
University Legal Counsel (0121)
Burruss Hall, Suite 236, Virginia Tech
800 Drillfield Drive
Blacksburg, VA  24060
Phone: (540) 231-6293
Fax: (540) 231-6474

*Counsel for Virginia Polytechnic Institute and State University, Shara Penermon, Steven Schuh, Katie Polidoro, Anthony Scott, and Frances Keene*



629.0449\NHS
4873-2486-4053 .v4

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

                                              /s/ Nathan H. Schnetzler
                                              Of Counsel



FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW

629.0449\NHS
4873-2486-4053 .v4