# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ROBERT DILLOW,<br><br>*Plaintiff,*<br><br>v.<br><br>VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY; et al.,<br><br>*Defendants.* | Case No. 7:22-cv-00280-TTC |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT (ECF 30)

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .......... **3**

**I. LEGAL ARGUMENT** .......... **4**

A. DEFENDANTS DO NOT HAVE ELEVENTH AMENDMENT SOVEREIGN IMMUNITY PROTECTION .......... 4

(i) Virginia Tech should be considered a "person" for purposes of 42 U.S.C. § 1983 .......... 4

(ii) Virginia Tech is not entitled to Eleventh Amendment Immunity .......... 5

B. Individual Capacities .......... 6

C. Proper Parties under Title IX .......... 8

**II. CONCLUSION** .......... **8**

# TABLE OF AUTHORITIES

**Cases**

*Chinn v. City Univ. of New York Sch. of Law at Queens Coll.*, 963 F. Supp. 218, 224 (E.D.N.Y. 1997) ................................................................................................ 6

*Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 491 (4th Cir. 2005) ........................................................................................................... 5, 6

*Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) .................................. 4

*Huang v. Bd. of Governors of Univ. of N.C.*, 902 F.2d 1134, 1139 n.6 (4th Cir. 1990) ................................................................................................................... 5

*Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ............................................ 4

*Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) .............................................................................................. 4

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) ..................................................... 7

*Shupe v. Hagaman*, No. 5:21-CV-00070-KDB-DSC, 2021 U.S. Dist. LEXIS 236537, at *16-17 (W.D.N.C. Oct. 28, 2021) ..................................................... 7

**Statutes**

42 U.S.C. § 1983 ........................................................................................................ 4

I. **LEGAL ARGUMENT**

In deciding a Rule 12(b)(1) motion, "the district court is to regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). It must, however, "view[] the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6)." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Dismissal under Rule 12(b)(1) is proper "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R.R.*, 945 F.2d at 768).

**A. DEFENDANTS DO NOT HAVE ELEVENTH AMENDMENT SOVEREIGN IMMUNITY PROTECTION**

**(i)   Virginia Tech should be considered a "person" for purposes of 42 U.S.C. § 1983**

The Fourth Circuit has not specifically ruled on the notion of whether or not a University of higher education is a "person" under 42 U.S.C. § 1983.

In the Fourth Circuit, the Court of Appeals stated in a footnote that North Carolina State University would likely escape liability under § 1983 because it is not a "person" under § 1983. *Huang v. Bd. of Governors of Univ. of N.C.*, 902 F.2d 1134,

4

1139 n.6 (4th Cir. 1990). The sole issue here is whether the Commonwealth and its instrumentalities are "persons" under § 1983. If they are, Plaintiff's § 1983 action against the University and the other defendants in their official capacities can go forward; if not, it cannot.

Plaintiff argues that the Court should find Defendant Virginia Tech a "person" under § 1983. The construction of §1983 provides for recovery by Plaintiff's when their constitutionally protected due process rights have been violated. For Defendant to be allowed to hide behind the definition of "person" is improper and against the scales of justice.

**(ii)    Virginia Tech is not entitled to Eleventh Amendment Immunity**

There are two ways in which the Commonwealth can waive its immunity and consent to suit: expressly or impliedly. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 491 (4th Cir. 2005). First, the Commonwealth could waive immunity "expressly in a state statute or constitutional provision, as long as the provision explicitly specifies the state's intention to subject itself to suit in federal court." *Id.* Second, the Commonwealth could waive immunity "implicitly by voluntarily participating in federal spending programs when Congress expresses a clear intent to condition participation in the programs … on a State's consent to waive its constitutional immunity." *Id.*

A state can waive immunity "implicitly by voluntarily participating in federal spending programs when Congress expresses a clear intent to condition participation in the programs … on a State's consent to waive its constitutional immunity." *Id.*

Virginia Tech implicitly waved Eleventh Amendment immunity when it chose to participate in the federal funding offered to Universities through the Spending Clause offered by the federal government of the United States. As such, Plaintiff's claims are not barred by Eleventh Amendment immunity and should be allowed to proceed

### B. Individual Capacities

Plaintiff brings claims against the individual Defendants in their individual and official capacity.

A suit against a state official sued in his or her official capacity is allowed if the plaintiff seeks injunctive, prospective relief to prevent a violation of federal law. *Chinn v. City Univ. of New York Sch. of Law at Queens Coll.*, 963 F. Supp. 218, 224 (E.D.N.Y. 1997). Plaintiff has sought injunctive relief and thus Plaintiff's official capacity claims should be allowed to proceed.

Plaintiff's individual liability claims should proceed as the individual defendants were in a role within Virginia Tech to supervise the proceedings and failed to properly execute the proceedings based on Virginia Tech policy resulting in the violation of Plaintiff's constitutionally protected rights.

The three elements that must be established for a supervisory liability claim under § 1983 are:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994), *Shupe v. Hagaman*, No. 5:21-CV-00070-KDB-DSC, 2021 U.S. Dist. LEXIS 236537, at *16-17 (W.D.N.C. Oct. 28, 2021). The individual defendants in the present case had actual knowledge of the events that occurred, the evidence that was presented and the outcome of the administrative proceedings. Those individual defendants knowingly chose to ignore the weight of the evidence and the mishandling of the proceeding and upheld the decision. The individual defendants had actual knowledge of the harm that Plaintiff faced as a result of the administrative proceedings and subsequent appeal. The individual defendants took no action to rectify the proceeding, the outcome or the constitutional injury suffered by the Plaintiff.

C. Proper Parties under Title IX

The Plaintiff concedes that Title IX claims against the individual defendants should be dismissed. Plaintiff's Title IX claims against Defendant Virginia Tech shall proceed as pled.

## II.   CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss the Amended Complaint should be denied in part, and this matter set for trial by Jury.

Date: November 2, 2022         Respectfully submitted,

Keith Altman, Esq.
LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (987) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*

/s/ *William W. Smith*
William W. Smith, III, Esq.
(VA Bar ID 92533)
Critzer Cardani, PC
12090 West Broad Street, 2nd Floor
Henrico, VA 23233
(804) 793-8010
(804) 767-3436 fax
Will@cclawva.com

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ROBERT DILLOW, *Plaintiff,* v. VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY; et al., *Defendants.* | Case No. 7:22-cv-00280-TTC |

## CERTIFICATE OF SERVICE

I certify that on November 2, 2022, I served the foregoing Plaintiff's Response to Defendants' Motion to Dismiss (ECF 30) upon all parties herein by filing copies of same using the ECF System.

Respectfully Submitted,

Keith Altman, Esq.

1