## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| ROBERT DILLOW, | Case No. 7:22-cv-00280-TTC |
| *Plaintiff,* | |
| v. | |
| VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY; et al., | |
| *Defendants.* | |

## **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................3

I.   LEGAL ARGUMENT..................................................................................6

  A.   DEFENDANTS DO NOT HAVE ELEVENTH AMENDMENT
      SOVEREIGN IMMUNITY PROTECTION ...................................................6

  B.   THE CLAIMS IN THE AMENDED COMPLAINT ARE NOT TIME-
      BARRED ...................................................................................................7

      (i)   Covid-19 Statute of Limitations Tolling...................................................8
      (ii)   Willful Withholding of Evidence by Defendants Requires Tolling of the
            Statute of Limitations................................................................................9
      (iii)   The Doctrines of Equitable Tolling and Equitable Estoppel are
            Applicable in this Case............................................................................12

  C.   PLAINTIFF'S FOURTEENTH AMENDMENT DUE PROCESS CLAIMS
      ESTABLISH A PROTECTED LIBERTY AND PROPERTY INTEREST..13

      (i)   Plaintiff's Liberty Interest .........................................................................13
      (ii)   Plaintiff's Property Interest ......................................................................18

  D.   NOTICE REQUIREMENTS.......................................................................20

      (i) Proper Notice of Plaintiff's Claims was Provided to the President of
        Virginia Tech...........................................................................................20

  E.   DEFENDANTS' ACTIONS AGAINST PLAINTIFF WERE MOTIVATED
      BY SEX BIAS.............................................................................................22

  F.   PLAINTIFF'S NEGLIGENCE AND NEGLIGENT INFLICTION OF
      EMOTION DISTRESS CLAIMS AGAINST DEFENDANTS ARE
      PROPERLY BEFORE THIS COURT.........................................................23

II.   CONCLUSION ..............................................................................................25

# TABLE OF AUTHORITIES

## Cases

*Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy,* 548 U.S. 291, 296, 126 S.Ct. 2455, 165 L.Ed.2d 526 (2006) ....................................................................6

*Calero-Colon v. Betancourt-Lebron,* 68 F.3d 1, 3 (1st Cir.1995) ...........................9

*Cannon v. Univ. of Chi*., 441 U.S. 677, 99 S. Ct. 1946 (1979) ....................... 22, 23

*Carey v. Piphus,* 435 U.S. 247, 258 (1978) ...........................................................9

*Cerbone v. International Ladies' Garment Workers' Union*, 768 F.2d 45, 48 (2nd Cir.1985) .............................................................................................................11

*Ceriani v. Dionysus, Inc.,* No. 4:21-cv-108, (E.D. Va. Apr. 20, 2022) .....................7

*Cobb v. Rector & Visitors of Univ. of Va.,* 69 F. Supp. 2d 815, 828-29 (W.D. Va. 1999) ...................................................................................................................15

*Coke v. General Adjustment Bureau*, 640 F.2d 584, 595 (5th Cir.1981) ...............11

*Crosswhite v. Reuters News & Media, Inc.,* No. 6:21-cv-15, 2021 WL 6125750, at *2 (W.D. Va. Dec. 28, 2021) .................................................................................7

*Dillman v. Combustion Engineering,* 784 F.2d 57, 60-61 (2d Cir.1986) ...............12

*Dixon v. Ala. State Bd. of Educ.,* 294 F.2d 150, 158-59 (5th Cir. 1961) ................15

*Doe v. Alger,* 228 F. Supp. 3d 713 (W.D. Va. 2016) ..............................................18

*Doe v. Rector and Visitors of George Mason Univ.,* 149 F. Supp. 3d 602 (E.D. VA 2016) ...................................................................................................................16

*Doe v. Va. Polytechnic Inst. & State Univ*., Civil Action No. 7:19-cv-00249, 2022 U.S. Dist. LEXIS 144420 (W.D. Va. Aug. 11, 2022) ..........................................21

Executive Order No. 9-20, Governor for the State of Virginia (March 23, 2020)..13

*Felty v. Graves-Humphreys*, 818 F.2d 1126 (4th Cir.1987) ...................................12

*Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231, 232-33, 79 S.Ct. 760, 761-62, 3 L.Ed.2d 770 (1959) ...........................................................................11

*Goss v. Lopez*, 419 U.S. 565, 579 (1975) ................................................................14

*Heck v. Humphrey,* 512 U.S. 477 (1994).................................................................9

*Henson v. Honor Comm. of Univ. of Va.,* 719 F.2d 69, 74 (4th Cir. 1983).............15

*Herron v. Va. Commonwealth Univ.*, 366 F.Supp.2d 355, 358 (E.D.Va.2004) ......18

*Jones v. Bd. of Governors of Univ. of N.C.*, 557 F.Supp. 263, 267 (W.D.N.C.1983) ...............................................................................................................................19

*Kendall v. Balcerzak*, 650 F.3d 515, 528 (4th Cir. 2011).......................................14

*Lawson v. Burlington Industries*, 683 F.2d 862, 864 (4th Cir.1982).......................11

*Litman v. George Mason Univ.,* 5 F.Supp.2d 366, 374 (E.D.Va.1998) ...................6

*Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) ......14

*Meyer v. Riegel Products Corp*., 720 F.2d 303, 307-08 (3rd Cir.1983).................11

*Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)...14

*Nasim v. Warden, Md. House of Correction,* 64 F.3d 951, 955 (4th Cir.1995) ........8

*Sciolino v. City of Newport News,* 480 F.3d 642, 650 (4th Cir.2007).....................16

*Shirvinski v. U.S. Coast Guard,* 673 F.3d 308, 315 (4th Cir.2012)........................16

*Wilson v. Garcia,* 471 U.S. 261, 280, 105 S.Ct. 1938, 1949, 85 L.Ed.2d 254 (1985) .................................................................................................................................6

*Winfree v. Hill*, No. 3:21-cv-00039, 2922 U.S. Dist. LEXIS 73499, (W.D. Va. Jul. 18, 2022) ................................................................................................................7

*Wisconsin v. Constantineau,* 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971)..................................................................................................................16

**Statutes**

20 U.S.C. § 1681 ......................................................................................................5

42 U.S.C. § 1983 ......................................................................................................5

42 U.S.C. § 2000d-7(a)(10) ....................................................................................5

Va. Code Ann. § 8.01-243(A)...................................................................................6

**Constitutional Provisions**

U.S. Const. amend. XIV, § 1 ....................................................................................14

# I.   LEGAL ARGUMENT

## A. DEFENDANTS DO NOT HAVE ELEVENTH AMENDMENT SOVEREIGN IMMUNITY PROTECTION

Contrary to the assertions by Defendants' Memorandum in support of their Motion to Dismiss the Amended Complaint, this Court does in fact maintain subject matter jurisdiction. The Amended Complaint sets out facts sufficient to support the Title IX violations under 20 U.S.C. § 1681, as well as 42 U.S.C. § 1983 and thus, this Court's subject matter jurisdiction.

The Amended Complaint alleges facts showing that Plaintiff is the victim of sex discrimination by Defendants Virginia Tech, et al in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* Defendants' argument that they are entitled to sovereign immunity under the Eleventh Amendment is misplaced. Defendants have overlooked the provisions of the Spending Clause of Article I of the Constitution as a lawful condition of Defendants Virginia Tech and State University's voluntary acceptance of federal education funding under Title IX. See, 42 U.S.C. § 2000d-7(a)(10). This statute provides "[a] State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of Title IX of the Education Amendments of 1972."

The Eleventh Amendment does not prevent a state from "choos[ing] to waive its immunity in federal court. Nor does it prohibit the federal government from conditioning the availability of federal funds upon a state's waiver of its sovereign

immunity." *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy,* 548 U.S. 291, 296, 126 S.Ct. 2455, 165 L.Ed.2d 526 (2006) (explaining that Congress has "broad power to set the terms on which it disburses money to the States"). Title IX imposes liability on funding recipients for "non-intentional (i.e., disparate impact) discrimination." *Litman v. George Mason Univ.,* 5 F.Supp.2d 366, 374 (E.D.Va.1998). Congress clearly conditioned federal funds upon a state's waiver of sovereign immunity. In the instant case, Defendants waived sovereign immunity when they accepted federal funding.

## B. THE CLAIMS IN THE AMENDED COMPLAINT ARE NOT TIME-BARRED

Defendants allege in their Motion to Dismiss and Memorandum that Plaintiff's Due Process, Equal Protection, Title IX, Negligence, and Negligent Infliction of Emotional Distress Claims are time-barred and should be dismissed.

There is no federal statute of limitations for § 1983 claims. The state limitations period which governs personal injury actions is applied to § 1983 claims. *Wilson v. Garcia,* 471 U.S. 261, 280, 105 S.Ct. 1938, 1949, 85 L.Ed.2d 254 (1985). Virginia has a two-year statute of limitations for personal injury claims. (Va. Code Ann. § 8.01-243(A)).

Plaintiff was not fully aware of the violations and damages to Plaintiff until June 26, 2020, when Defendants upheld Plaintiff's dismissal and exhausted Plaintiff's remedies within Defendant Virginia Tech. Plaintiff filed his Complaint

with this Court on June 2, 2022, well within the allowed statute of limitations. Consequently, Defendant's argument that the original Complaint was time barred is misplaced.

### (i)   Covid-19 Statute of Limitations Tolling

The Virginia Statute of Limitations were tolled by the Virginia Supreme Court between March 16, 2020, and July 19, 2020, due to the COVID 19 pandemic. The Courts consider persuasive, those authorities which did not limit tolling only to those with statutes of limitations that expired between March 16 and July 19, 2020. *Ceriani v. Dionysus, Inc.,* No. 4:21-cv-108, (E.D. Va. Apr. 20, 2022), *Winfree v. Hill*, No. 3:21-cv-00039, 2922 U.S. Dist. LEXIS 73499, (W.D. Va. Jul. 18, 2022).

"The language used in the Emergency Orders suggests to the Court that the Supreme Court of Virginia excluded the tolling period from any statute of limitations calculation, regardless of whether it expired during the tolling period." *Crosswhite v. Reuters News & Media, Inc.,* No. 6:21-cv-15, 2021 WL 6125750, at *2 (W.D. Va. Dec. 28, 2021).

Plaintiff received notice that he had been found responsible for rape and sexual violence on April 24, 2020. The Virginia Tech findings were upheld on June 26, 2020, at which time Defendant Virginia Tech further breached its rights and responsibly to Plaintiff.

In accordance with the above referenced authorities, the limitations period for filing his original Complaint did not begin to run until July 20, 2020. The two-year Virginia Statute of Limitation for filing Plaintiff's original Complaint ended on July 20, 2022, thirty-eight (38) days **after** Plaintiff filed his original Complaint on June 2, 2022. Even if the tolling did not apply, Plaintiff was not fully aware of the violations and damages to Plaintiff until June 26, 2020, when Defendants upheld Plaintiff's dismissal and exhausted Plaintiff's remedies within Defendant Virginia Tech. Plaintiff filed his Complaint with this Court on June 2, 2022, well within the allowed statute of limitations. Consequently, Defendant's argument that the original Complaint was time barred is misplaced.

**(ii)  Willful Withholding of Evidence by Defendants Requires Tolling of the Statute of Limitations**

Additionally, although the applicable State Statute of Limitations supplies the length of the limitations period in a § 1983 action, the time of accrual of the cause of action is a matter of federal law. *Nasim v. Warden, Md. House of Correction,* 64 F.3d 951, 955 (4th Cir.1995). The statute of limitations in the State of Virginia is two (2) years. "Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.* In order to determine when a claimant possessed sufficient facts to know or have reason to know of the alleged injury, we may look

to the common-law cause of action most closely analogous to the constitutional right at stake as an "`appropriate starting point.'" *Heck v. Humphrey,* 512 U.S. 477 (1994), quoting *Carey v. Piphus,* 435 U.S. 247, 258 (1978) *Calero-Colon v. Betancourt-Lebron,* 68 F.3d 1, 3 (1st Cir.1995).

As set out in the Amended Complaint, even on the date of its filing, Plaintiff Dillow still did not completely know or understand the precise manner of involvement of Defendants, Sloan, Polidoro, Scott, and Doe(s), aside from Defendant Doe providing highly inflammatory and prejudicial set of documents to the other Defendants sometime before the hearing, these same Defendants made a decision as to when Plaintiff would be permitted to review the documents and investigate the contents of the documents. It is obvious that Defendants withheld these documents from Plaintiff until less than 24 hours before the hearing to willfully deprive Plaintiff of his right to properly examine the documents, conduct his own investigation, obtain Affidavits, and other contradictory evidence, to submit at the hearing. By denying Plaintiff the opportunity to meaningfully respond to Defendant Doe's inflammatory documents, and the report from the PERK exam report, the Defendants violated the Plaintiff's right to due process.

The PERK test from Defendant Doe's exam allegedly revealed the presence of a latex condom in Defendant Doe's vagina. However, the report from the PERK exam was never introduced into evidence, nor was Plaintiff given the opportunity to

read, or investigate its contents. However, Defendants Schuh and Tully claimed to know what the contents of the PERK exam report was and used the contents of this mysterious report to conclude that it revealed the presence of a latex condom in Defendant Doe's vagina. When in fact, there is no evidence that such a report even exists. Defendants Schuh and Tully simply relied on the self-serving statements of Defendant Doe, rather than obtaining an authenticated copy of the Perk exam report.

Defendant Doe was living with another man who influenced Defendant Doe to make up this lie which Defendants Schuh and Tully advanced to others including but not limited to the hearing officials, all the while, failing and otherwise deliberately refusing to investigate Defendant Doe's statements.

On April 24, 2022, Defendants Schuh and Tully advised Plaintiff that he had been found "responsible for sexual violence and rape," and would be suspended for two (2) years. Because Defendants Schuh and Tully relied only on the self-serving statements of Defendant Doe and withheld the highly inflammatory statement by Defendant Doe until less than 24 hours before the hearing, Plaintiff was still without sufficient facts to know the scope of his injuries in relation to the claims in the Amended Complaint, and Plaintiff will not know until this Court allows discovery to proceed in this case. It is due to the misconduct and the deliberate withholding of evidence and information by Defendants Schuh, Tully and Doe(s) that the Statute of Limitations in the case must be tolled.

**(iii)    The Doctrines of Equitable Tolling and Equitable Estoppel are Applicable in this Case**

The doctrines of equitable tolling and equitable estoppel have a common origin; they are based on the view that defendant(s) should not be permitted to escape liability by engaging in misconduct that prevents the plaintiff from having sufficient fact to prevent his or her filing the claim on time. As the Supreme Court explained in *Glus*, "[N]o man may take advantage of his own wrong. Deeply rooted in our jurisprudence, this principle has been applied in many diverse classes of cases by both law and equity courts and has frequently been employed to bar inequitable reliance on statutes of limitations." *Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231, 232-33, 79 S.Ct. 760, 761-62, 3 L.Ed.2d 770 (1959).

Equitable tolling applies where the defendant has wrongfully deceived or misled the plaintiff to conceal the existence of a cause of action. *Lawson v. Burlington Industries*, 683 F.2d 862, 864 (4th Cir.1982); *Cerbone v. International Ladies' Garment Workers' Union*, 768 F.2d 45, 48 (2nd Cir.1985); *Meyer v. Riegel Products Corp.*, 720 F.2d 303, 307-08 (3rd Cir.1983). To invoke equitable tolling, the plaintiff must therefore show that the defendant attempted to mislead him, and that the plaintiff reasonably relied on the misrepresentation by neglecting to file a timely charge. *Lawson*, 683 F.2d at 864; *Coke v. General Adjustment Bureau*, 640 F.2d 584, 595 (5th Cir.1981). In the instant case, Defendants withheld evidence from

Plaintiff until it was too late for him to conduct his own investigation, obtain evidence and witness statements to prevent him from prevailing at the administrative hearing. Certain Defendants completely withheld evidence, the PERK exam report, from Defendant and the hearing officials to cause Defendant to be held responsible for Defendant Doe's fabrication. They continued to withhold this evidence from Plaintiff to prevent him from obtaining relief through his administrative remedies, and in the filing of a timely Complaint.

Equitable estoppel applies where, despite the plaintiff's knowledge of the facts, the defendant engages in intentional misconduct to cause the plaintiff to miss the filing deadline. *Felty v. Graves-Humphreys*, 818 F.2d 1126 (4th Cir.1987); *Dillman v. Combustion Engineering,* 784 F.2d 57, 60-61 (2d Cir.1986). Equitable estoppel is applicable in this case to prevent Defendants from now successfully argue the untimeliness of the filing of the original Complaint in this case.

### C. PLAINTIFF'S FOURTEENTH AMENDMENT DUE PROCESS CLAIMS ESTABLISH A PROTECTED LIBERTY AND PROPERTY INTEREST

#### (i) Plaintiff's Liberty Interest

Defendants proceeded with the administrative hearing on April 22, 2020, presenting allegations and purported evidence against Plaintiff to which he had not had sufficient time or opportunity to investigate or prepare a defense. Plaintiff had not been provided with sufficient notice of the allegations against him due to the

misconduct of the Defendants, and their failure to disclose PERK exam report, and the highly inflammatory statements made by Defendant Doe in a timely manner, if at all. On April 24, 2020, Defendants found that Plaintiff rape and sexual violence and suspended him from attending Virginia Tech and completing his education for two (2) years.

The Defendants were well aware that the Governor of the State of Virginia had issued a "stay at home" order to begin on March 18, 2020, until May 12, 2020.[1] It was during this stay-at-home mandated period of time on April 21, 2020, that Defendants provided Plaintiff with a copy of the highly inflammatory statements that they intended to use against him the very next day at the hearing. Not only did Defendants deliberately neglect to provide Plaintiff with adequate and timely notice of these inflammatory statements, but they were well aware that Plaintiff would be unable to investigate the allegations, interview witnesses, or obtain Affidavits and evidence to dispute the false allegations due to the mandatory stay at home order for the State of Virginia in response to the COVID 19 pandemic. Holding the hearing during the COVID 19 mandated lock down was improper and demonstrates the intent of the Defendants to cause harm to Plaintiff.

---

[1]  Executive Order No. 9-20, Governor for the State of Virginia (March 23, 2020)

The Fourteenth Amendment provides that "no state shall make or enforce any law which shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Plaintiff's Amended Complaint sets out sufficient facts to show (1) a cognizable liberty or property interest; (2) the deprivation of that interest by the Defendants; and (3) that the procedures employed by Defendants were constitutionally inadequate." *Kendall v. Balcerzak*, 650 F.3d 515, 528 (4th Cir. 2011). The deprivation of a protected interest warrants meaningful notice and meaningful opportunity to be heard. *Goss v. Lopez*, 419 U.S. 565, 579 (1975).

Due process requires fair notice and an opportunity to be heard. *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Beyond those threshold requirements, though, due process is "flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

Where a student faces expulsion, such as Plaintiff did in the instant case, the Fourth Circuit has embraced, the following due process standard:

> "The notice should contain a statement of the specific charges and grounds which, if proven, would justify expulsion under the regulations of the [University]. The nature of the hearing should vary depending upon the circumstances of the particular case. The case before us requires something more than an informal interview with an administrative authority of the college. By its nature, a charge of misconduct, as opposed to a failure to meet the scholastic standards of the college, depends upon a collection of the facts concerning the

charged misconduct, easily colored by the point of view of the witnesses. In such circumstances, a hearing which gives the ... administrative authorities of the college an opportunity to hear both sides in considerable detail is best suited to protect the rights of all involved. This is not to imply that a full-dress judicial hearing, with the right to cross-examine witnesses, is required. Such a hearing, with the attending publicity and disturbance of college activities might be detrimental to the college's educational atmosphere and impracticable to carry out. Nevertheless, the rudiments of an adversary proceeding may be preserved without encroaching upon the interests of the college."

*Cobb v. Rector & Visitors of Univ. of Va.,* 69 F. Supp. 2d 815, 828-29 (W.D. Va. 1999), quoting *Dixon v. Ala. State Bd. of Educ.,* 294 F.2d 150, 158-59 (5th Cir. 1961), *Henson v. Honor Comm. of Univ. of Va.,* 719 F.2d 69, 74 (4th Cir. 1983) Although *Dixon* was decided more than twenty years ago, its summary of minimum due process requirements for disciplinary hearings in an academic setting is still accurate today.

In *Dixon,* the court said that due process required an opportunity for the student to present his own defense and to produce either oral testimony or written affidavits of witnesses in his behalf. *Dixon* at 159. In the instant case, Plaintiff was clearly deprived due process in connection with the with the April 22, 2020, disciplinary hearing and the allegations against him during the mandated COVID-19 lockdown.

A liberty interest is implicated "[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him."

*Wisconsin v. Constantineau,* 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). As the Fourth Circuit has explained, in order to constitute a protected liberty interest a "reputational injury [must be] accompanied by a state action that 'distinctly alter[s] or extinguishe[s]' [a] legal status." *Shirvinski v. U.S. Coast Guard,* 673 F.3d 308, 315 (4th Cir.2012). The Fourth Circuit has held that a reputational injury is actionable if there is even "a likelihood that prospective employers or members of the public [will] see the damaging information." *Sciolino v. City of Newport News,* 480 F.3d 642, 650 (4th Cir.2007).

The undisputed record in the instant case reflects that Plaintiff was expelled from Defendant Virginia Tech on a charge of sexual violence and rape. This charge plainly calls into question Plaintiff's "good name, reputation, honor, or integrity. Moreover, Plaintiff's expulsion constitutes an alteration of his legal status as student.

Plaintiff's expulsion constituted a state action, the record makes clear that state action has deprived plaintiff of a protected liberty interest. *Doe v. Rector and Visitors of George Mason Univ.,* 149 F. Supp. 3d 602 (E.D. VA 2016).

In the instant case, Plaintiff's transcript bears a notation that he was the subject of a non-academic expulsion. Thus, plaintiff's future educational and employment endeavors, which routinely require disclosure of academic transcripts, may well lead to the public's learning that plaintiff was expelled for misconduct resulting in Plaintiff's inability to pursue education and professional opportunities. Even if the

specific charge is not disclosed, a reasonable person will conclude that a non-academic justification for an expulsion implies the existence of serious character defects.

The record will reflect that Defendants' witnesses and members of the general public were in fact informed by Defendants that Plaintiff had be found responsible for rape and sexual violence. Rape and sexual violence are stigmatizing by nature. Plaintiff will be required to deal with the stigma that comes from Defendants' false assertations for his lifetime. In our current society, information is easily assessable by way of the internet. Even if Defendants correct the vast wrongdoing that was perpetrated on the Plaintiff, they can not undue the stigmatizing nature of information that is now available on the Plaintiff. Plaintiff will have to answer to these false allegations in his future educational, professional and personal life for the remainder of his lifetime.

### (ii) Plaintiff's Property Interest

Defendants' falsely asserts to this Court that there was no implied or express contract between Plaintiff and Virginia Tech in relation to his enrollment and attendance at Virginia Tech, his degree program, his tuition payments, and acceptance of tuition payments by Virginia Tech. As set out in the Amended Complaint, Plaintiff "executed" the contract with Virginia Tech and thereby enrolled

in his chosen degree program. By executing the contact with Virginia Tech, Plaintiff was bound by Virginia Tech's policies and procedures.

Plaintiff has a constitutionally protected property interest that was clearly established after entering a contract for his undergraduate education at Virginia Tech given that Plaintiff paid tuition to Virginia Tech to attend classes. Plaintiff's property interest has been damaged due to Defendants' actions.

Plaintiff and Defendant Virginia Tech entered a contract by which Virginia Tech offered admission to Plaintiff to receive his degree. Plaintiff accepted Defendant's offer of admission and attended Virginia Tech as a student. There was a mutual exchange of consideration for which Plaintiff attended Virginia Tech involving payments and expenditure of time as well as Virginia Tech makings its services including educational opportunities available to Plaintiff.

Plaintiff in the case at bar, had a protected property interest in his continued enrollment at Virginia Tech, but for the capricious conduct of Defendants Schuh, Tully and Does. Under similar circumstances as those before this Court, the Court in *Doe v. Alger,* 228 F. Supp. 3d 713 (W.D. Va. 2016) held that the plaintiff in that case, had "an express contractual relationship" with the University, with "money being exchanged for education," thus creating an "entitlement of continued education," creating a "protected property interest." The Court held in *Herron* that "academic dismissals implicate a student's liberty or property interests and are

19

thereby protected by the due process guarantee of the Fourteenth Amendment."
*Herron v. Va. Commonwealth Univ*., 366 F.Supp.2d 355, 358 (E.D.Va.2004).
Further, the Court found in *Jones* that "it is well settled that when a public school or
state university takes disciplinary action against a student which, for any substantial
length of time, deprives the student of the opportunity to continue his or her
education, the school must afford the student due process of law". *Jones v. Bd. of
Governors of Univ. of N.C.*, 557 F.Supp. 263, 267 (W.D.N.C.1983).

The state law source of a property interest was simply the common law of
contracts. In the instant case, Plaintiff has clearly established that there was in fact a
contract which was executed by Plaintiff, and Defendant Virginia Tech authorized
representatives; Plaintiff paid the Defendant Virginia Tech's required application
fee and other fees at the time the contract was executed. Plaintiff's application for
enrollment in the courses offered by Virginia Tech was accepted, and Plaintiff chose
the courses he intended to take in his chosen degree program. Plaintiff had a
protected property interest and a right to Due Process under the Fourteenth
Amendment established through the contract, as well as the payment of tuition by
Plaintiff and the acceptance of same by Defendant Virginia Tech.

### D. NOTICE REQUIREMENTS

#### (i) Proper Notice of Plaintiff's Claims was Provided to the President of Virginia Tech

Student Code of Conduct 8300, Appendix III Formal Title IX Adjudication Process A. Procedural Guarantees that "In formal conduct hearings for Title IX formal complaints, the complainant and respondent are entitled to the following procedural guarantees and opportunities: To appeal, regardless of the outcome, based on the following grounds (1) procedural irregularity; (2) significant and relevant new information that was not available at the time of the hearing; (3) the Title IX Coordinator, Investigator, or hearing officer(s) had a conflict of interest or bias, which affected the outcome; (4) unduly harsh or arbitrary findings or sanctions. Defendant Virginia Tech breached this policy when it failed to assure that Plaintiff had a fair Title IX hearing. Defendant Virginia Tech further breached this policy when they upheld the original Title IX decision on June 16, 2020, against the weight of the evidence. Defendant Virginia Tech breached this policy when the Title IX decision became finalized after the appeal on June 16, 2020. The Title IX process concluded on June 16, 2020. As a direct and proximate result of Defendant CU's actions, Plaintiff was dismissed from Virginia Tech and has sustained and continues to sustain injuries and damages.

Defendants allege that Plaintiff did not file his Complaint with the President of Virginia Tech to allow him to pursue his claims in this Court. To the contrary, Plaintiff filed his appeal from his initial Complaint with the President of Virginia Tech on May 3, 2020. The President of Virginia Tech denied Plaintiff's Complaint

on June 16, 2020. Thereafter, On October 28, 2020, Plaintiff, through Counsel provided further Notice and challenged the decision through a Complaint to the Office of Civil Rights of the U.S. Department of Education (hereinafter "O.C.R."). On August 12, 2021, O.C.R. informed Plaintiff that his complaint would be dismissed and investigated no further. Therefore, Plaintiff's claims are ripe for adjudication by this Court.

### E. DEFENDANTS' ACTIONS AGAINST PLAINTIFF WERE MOTIVATED BY SEX BIAS.

By taking the partisan contentions by Defendant Doe as absolute fact, Defendants Schuh and Tully failed to remain objective and expressed a preference for Defendant Doe's account over Plaintiff's account. This preference is a manifestation of gender bias against Plaintiff. By upholding the decision of Defendants Schuh and Tully on Appeal, Defendant Keene legitimized a Title IX decision that was made on the basis of discrimination, and thereby violated Plaintiff's equal protection rights.

The Fourth Circuit Court of Appeals recently denied the same Defendants' Motion for Summary Judgment in *Doe v. Va. Polytechnic Inst. & State Univ.*, Civil Action No. 7:19-cv-00249, 2022 U.S. Dist. LEXIS 144420 (W.D. Va. Aug. 11, 2022) finding, "it is sufficient that the allegations raise a plausible inference that sex bias is a but-for cause of discriminatory treatment in the disciplinary proceedings. The court is satisfied with Doe's allegation that Virginia Tech's treatment was

motivated by 'sex bias'."

### F. PLAINTIFF'S NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTION DISTRESS CLAIMS AGAINST DEFENDANTS ARE PROPERLY BEFORE THIS COURT

Defendants Penermon, Sloan, Schuh, Tully, Polidoro, Scott and Keene were negligent in performing their duty of reasonable care and failed, neglected and/or refused to discharge their duty properly and fully by, among other things: (a) Evaluating Plaintiff's Title IX claim against the weight of the evidence; (b) Failure to provide an adequate appeal in light of the weight of the evidence.

Defendant Virginia Tech was also negligent in performing its duty of reasonable care and failed, neglected and/or refused to discharge its duty properly and fully by, among other things: (a) Failing to ensure that Plaintiff's rights under the Virginia Tech/University Code of Conduct were upheld, and (b) Failing to assist Plaintiff after being informed of the individual Defendant's negligence.

By their negligent conduct, Defendants directly and proximately caused Plaintiff financial harm. Plaintiff is confronted with an inability to complete his education, pursue graduate school, practice in his chosen profession, and to pay his mounting student loan debts. Plaintiff has suffered direct financial losses due to Defendants' conduct.

Although Title IX did not expressly authorize a private right of action, the Supreme Court in *Cannon* held that the intent of the statute was to provide persons

injured a private right of action. *Cannon v. Univ. of Chi.*, 441 U.S. 677, 99 S. Ct. 1946 (1979). The Court considered that Title IX explicitly conferred a benefit on persons discriminated against on the basis of sex. *Id.* Plaintiff was clearly a member of that class. In addition, the history of Title IX did not indicate any intention to deny a private right of action. Moreover, an award of individual relief to a private litigant was sensible and necessary to its enforcement. The Petitioner sought review of a decision of the lower court holding that petitioner had no private right of action in a federal court against respondents. The Supreme Court reversed and held that petitioner had a private right of action in federal court against respondents, universities, and Secretary of Department of Health, Education, and Welfare under Title IX. *Id.* Therefore, Plaintiffs negligent conduct claims are properly before this Court.

Plaintiff's Amended Complaint demonstrates that Defendants' conduct in this case was intentional, reckless, clearly outrageous, and intolerable in that it offends generally accepted standards of decency and morality. Defendants' conduct caused severe emotional distress which is ongoing.

Accordingly, based on the reasons set forth above, Plaintiff has set out facts in the Amended Complaint upon which relief should be granted, and has demonstrated herein that the that this Court has subject matter jurisdiction as to all claims raised in the Amended Complaint properly before this Court.

## II.   CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss the Amended Complaint should be denied, and this matter set for trial by Jury.


Date: November 2, 2022                    Respectfully submitted,

Keith Altman, Esq.
LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (987) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*

/s/ *William W. Smith*
William W. Smith, III, Esq.
(VA Bar ID 92533)
Critzer Cardani, PC
12090 West Broad Street, 2nd Floor
Henrico, VA 23233
(804) 793-8010
(804) 767-3436 fax
Will@cclawva.com

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

ROBERT DILLOW,

   *Plaintiff,*

     v.

VIRGINIA POLYTECHNIC INSTITUTE
AND STATE UNIVERSITY; et al.,

  *Defendants.*

Case No. 7:22-cv-00280-TTC

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 2, 2022, I served the foregoing Plaintiff's Response to Defendants' Motion to Dismiss upon all parties herein by filing copies of same using the ECF System.

Respectfully Submitted,

Keith Altman, Esq.

1