**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **ROBERT DILLOW,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 7:22cv280** |
| | ) | |
| **VIRGINIA POLYTECHNIC INSTITUTE** | ) | |
| **AND STATE UNIVERSITY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPLY MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)**

Defendants Virginia Polytechnic Institute and State University, Shara Penermon, Steven Schuh, Katie Polidoro, Anthony Scott, and Frances Keene (collectively "Defendants"), by counsel, submit this Reply Memorandum in Support of their Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**ARGUMENT & AUTHORITY**

**I.   Virginia Tech's Eleventh Amendment Immunity**

Citing <u>Constantine v. Rectors & Visitors of George Mason University</u>, 411 F.3d 474 (4th Cir. 2005), Dillow implies that Virginia Tech waived its Eleventh Amendment immunity as to all claims against it by accepting federal funds. This is an incorrect reading of <u>Constantine</u>, and Dillow's failure to cite any authority to support his proposition is telling. In <u>Litman v. George Mason University</u>, the Fourth Circuit concluded that George Mason waived its Eleventh Amendment immunity by accepting Title IX funds from the federal government. 186 F.3d 544, 554, 556–57 (4th Cir. 1999). Neither <u>Litman</u> nor <u>Constantine</u>, however, extended that waiver to all claims. Indeed, in <u>Litman</u>, the Fourth Circuit explained



FA+P
FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW

- 1 -

that the waiver was a limited one: by "accepting Title IX funding: (1) the state must comply with Title IX's antidiscrimination provisions, and (2) it consents to resolve disputes *regarding alleged violations of those provisions* in federal court. <u>Litman</u>, 186 F.3d at 554.

Accepting Title IX funds did not completely waive Virginia Tech's Eleventh Amendment immunity, and the Eleventh Amendment bars Dillow's claims for money damages under 42 U.S.C. § 1983 and his state law claims. <u>See</u> <u>Sigma Lambda Upsilon/Senoritas Latinas Unidas Sorority, Inc. v. Rector & Visitors of the Univ. of Va.</u>, 503 F. Supp. 3d 433, 442–43, 450 (W.D. Va. 2020); <u>Jacob Doe v. Va. Polytechnic Inst. & State Univ.</u>, No. 7:19cv249, 2020 WL 1309461, 2020 U.S. Dist. LEXIS 47754, *9, *9 n.3 (W.D. Va. Mar. 19, 2020); <u>Doe v. Rector & Visitors of George Mason Univ.</u>, 132 F. Supp. 3d 712, 731, 731 n.24 (E.D. Va. 2105).

## II.  <u>The Claims Against the Individual Defendants are Official Capacity Claims.</u>

Dillow does not offer any argument to rebut Defendants' position that the claims against the individual defendants are truly official capacity in nature other than his claim that he is suing them in their individual capacities. Dillow provides no argument regarding the factors set forth in <u>Martin v. Wood</u>, 772 F.3d 192 (4th Cir. 2014). Instead, Dillow now contends that he is asserting supervisory capacity claims against the individual defendants. But there was no such claim asserted in either the Amended Complaint or the original Complaint, and Dillow may not amend his complaint through a response to a motion to dismiss. <u>Rice v. Scholastic Book Fairs, Inc.</u>, 579 F. Supp. 3d 786, 795 (E.D. Va. 2022); <u>Davis v. Cole</u>, 999 F. Supp. 809, 813 (E.D. Va. 1998).



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW

629.0449\NHS
4866-3887-4173 .v1

But even if he had asserted such a claim, that would not end the official capacity analysis because a supervisory liability claim may be brought against a state actor in his or her official capacity. See Riddick v. Watson, 503 F. Supp. 3d 399, 412–14 (E.D. Va. 2020).[1]

Here, the violation of which Dillow complains was inextricably tied to the individual defendants' official duties as employees of Virginia Tech. The essence of Dillow's Amended Complaint against the individual defendants is how they performed their official duties in the investigation and adjudication of the Title IX complaint against Dillow. Second, Virginia Tech, *i.e.*, the Commonwealth, not the individual defendants, would bear the burden of amending Dillow's student records. Third, a judgment against the individual defendants would be institutional and paid for by the Commonwealth. Fourth, as noted above, there are no allegations that the individual defendants took any action "to further personal interests" or that their actions were *ultra vires*. Rather, the acts complained of were done as part of their role of investigating and adjudicating the Title IX complaint. As such, despite Dillow's attempt to cast the allegations against the individual defendants as individual capacity claims, the true substance and nature of his claims against them are official

---

[1] Further, even if Dillow had asserted supervisory liability claims, his general references to "defendants" collectively fails to satisfy minimum pleading requirements in federal court. When a Complaint contains allegations against several entities or individuals but fails "'to specify which Defendant allegedly took what action(s)," the Complaint is deficient as a matter of law. Kincaid v. Anderson, No. 1:14cv27, 2015 WL 2106309, 2015 U.S. Dist. LEXIS 59128, at *10 (W.D. Va. May 6, 2015) (quoting Snipes v. Alamance Cnty. Clerk of Courts, No. 1:11cv1137, 2013 U.S. Dist. LEXIS 128694, 2013 WL 4833021, at *4 (M.D.N.C. Sept. 10, 2013)). A plaintiff simply cannot state a claim for relief by failing "to name which Defendant or Defendants are allegedly liable, instead impermissibly lumping them together as 'defendants.'" R.S. v. Bd. of Dirs. Of Woods Charter Sch. Co., No. 1:16cv119, 2018 WL 339944, 2018 U.S. Dist. LEXIS 3378, at *8 (M.D.N.C. Jan. 9, 2018). Indeed, the practice of making general references to "Defendants" in a Complaint violates the notice pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. Bryant v. Wells Fargo Bank, Nat'l Ass'n, 861 F. Supp. 2d 646, 660, 2012 WL 928435, 2012 U.S. Dist. LEXIS 38102 (E.D.N.C. Jan. 24, 2012), adopted by, 2012 U.S. Dist. LEXIS 36686 (Mar. 19, 2012). Thus, while not referenced in Dillow's opposition to Defendants' motion to dismiss pursuant to Rule 12(b)(6), this would serve as grounds for dismissal of any purported supervisory liability claim.

629.0449\NHS
4866-3887-4173 .v1

capacity claims only. As such, the individual defendants enjoy Eleventh Amendment immunity from Dillow's claims against them for monetary damages.

In <u>Martin v. Wood</u>, a plaintiff sued her supervisor and the Director of Eastern State Hospital for violation of the Fair Labor Standards Act. 772 F.3d 192 (4th Cir. 2014). The plaintiff asserted that her claims were against the defendants in their individual capacities, but the Fourth Circuit explained that a plaintiff "cannot circumvent the Eleventh Amendment by naming them as defendants in their individual capacities if, in reality, she is suing them for actions taken by them in their official capacities on behalf of Eastern State Hospital." <u>Id.</u>, at 195. Because there were no allegations that the defendants in that case "attempted to serve personal interests distinct from the Hospital's interests," the Fourth Circuit directed dismissal of the action. <u>Id.</u>

Here, as in <u>Martin</u>, there are no allegations that the individual defendants "attempted to serve personal interests distinct from [Virginia Tech's] interests." Accordingly, Dillow's claims against the individuals, regardless of how Dillow labeled them, are truly official capacity claims, and therefore Dillow's claims for monetary damages are barred by the Eleventh Amendment.

<u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request entry of an Order granting their Motion to Dismiss Pursuant to Rule 12(b)(1), granting their Motion to Dismiss pursuant to Rule 12(b)(6), dismissing the Amended Complaint with prejudice and striking it from the active docket of this Court, and granting such further relief as the Court deems just and proper.



- 4 -

629.0449\NHS
4866-3887-4173 .v1

Respectfully submitted,

VIRGINIA POLYTECHNIC INSTITUTE AND
STATE UNIVERSITY, SHARA PENERMON,
STEVEN SCHUH, KATIE POLIDORO, ANTHONY
SCOTT, and FRANCES KEENE

/s/
Katherine C. Londos (VSB #: 36848)
Nathan H. Schnetzler (VSB #: 86437)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:     540/772-9167
Email: klondos@faplawfirm.com
        nschnetzler@faplawfirm.com


Kay Heidbreder (VSB No.: 22288)
University Legal Counsel and
Senior Assistant Attorney General
*heidbred@vt.edu*
M. Hudson McClanahan (VSB No.: 46363)
*hud3@vt.edu*
Kristina J. Hartman (VSB No.: 92279)
*kjhart06@vt.edu*
Stephen F. Capaldo (VSB No.: 74045)
*scapaldo@vt.edu*
Associate University Legal Counsel and
Assistant Attorney General
University Legal Counsel (0121)
Burruss Hall, Suite 236, Virginia Tech
800 Drillfield Drive
Blacksburg, VA  24060
Phone: (540) 231-6293
Fax: (540) 231-6474

*Counsel for Virginia Polytechnic Institute and
State University, Shara Penermon, Steven Schuh,
Katie Polidoro, Anthony Scott, and Frances
Keene*



- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

/s/ Nathan H. Schnetzler
Of Counsel



- 6 -

629.0449\NHS
4866-3887-4173 .v1