# EXHIBIT A

COURT OF APPEALS OF VIRGINIA

Present:  Judges Fulton, Ortiz and Senior Judge Petty
Argued at Lexington, Virginia

PUBLISHED

GEORGE ENGLISH

v.     Record No. 0420-22-3

THOMAS WILLIAM QUINN

OPINION BY
JUDGE WILLIAM G. PETTY
NOVEMBER 29, 2022

FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
David B. Carson, Judge

Joanna M. Meyer (John E. Lichtenstein; Gregory L. Lyons; Lichtenstein Law Group PLC, on briefs), for appellant.

Wm. Tyler Shands (Carter T. Keeney; Carter & Shands, P.C., on brief), for appellee.

*Amicus Curiae*:  Virginia Trial Lawyers Association (E. Kyle McNew; Les Bowers; MichieHamlett PLLC, on brief), for appellant.

*Amicus Curiae*:  The Virginia Association of Defense Attorneys (Nathan H. Schnetzler; Joseph R. Pope; Goodman Allen Donnelly, PLLC, on brief), for appellee.

George English appeals the circuit court's order dismissing his personal injury claim against Thomas William Quinn as barred by the statute of limitations. As a matter of first impression, this Court must decide whether the Supreme Court's emergency orders entered between March 16, 2020, and July 8, 2020, in response to the COVID-19 pandemic, tolled all statutes of limitations or only those that would have expired during the tolling period. We hold that because the emergency orders tolled *and* extended all statutes of limitations, English's suit was not time-barred; thus, we reverse the circuit court's judgment.

BACKGROUND

On July 28, 2018, Thomas William Quinn crashed "head-on" into an approaching vehicle in which George English was a passenger.

On March 16, 2020, the Supreme Court issued an order declaring a judicial emergency in response to the COVID-19 pandemic. *See In re: Order Declaring a Judicial Emergency in Response to COVID-19 Emergency* at 1-2 (Va. Mar. 16, 2020) ("First Judicial Emergency Order").[1] Among other things, the First Judicial Emergency Order "toll[ed] and extend[ed]" "all deadlines" in district and circuit courts for twenty-one days, consistent with Code § 17.1-330(D). *Id.* Subsequently, the Supreme Court unanimously entered six additional judicial emergency orders, each of which extended the period of judicial emergency and tolled and extended certain statutory deadlines.[2] The Seventh Order limited the tolling period to the 126 days between March 16, 2020, and July 19, 2020. EDO of July 8 at 1-2.

On November 30, 2020, English filed a complaint in the circuit court alleging that Quinn's negligent driving caused him to sustain "severe and permanent injuries," including "whole body trauma" and "shoulder and rib injuries." English sought compensatory and punitive damages.

Quinn filed a responsive pleading denying fault or, alternatively, denying that English sustained injuries to the extent alleged. Quinn also filed a plea in bar, asserting that English had not filed his complaint within the two-year statute of limitations. Quinn acknowledged that the

---

[1] Additional references in this opinion to the Supreme Court's First Judicial Emergency Order and subsequent related orders are to "[#] Judicial Emergency Order," "[#] Order," or "EDO of [date]." *See* EDO of Apr. 22 at 1 (referring to the Supreme Court's first three orders "collectively . . . as the 'Emergency Declaration Orders'"). All cited orders were issued in 2020.

[2] *See* EDOs of March 27 (Second Order) at 1 ¶ 2; April 22 (Third Order) at 2 ¶ 1; May 6 (Fourth Order) at 3 ¶ 2; June 1 (Fifth Order) at 2 ¶ 3; June 22 (Sixth Order) at 2 ¶ 3; and July 8 (Seventh Order) at 1-2.

- 2 -

judicial emergency orders tolled certain statutory deadlines from March 16, 2020, through July 19, 2020. He asserted, however, that "[b]y the explicit language" of the Second Judicial Emergency Order,[3] "*only* a Statute of Limitations that ran *during*" the 126-day period was "tolled by the Orders." Quinn concluded that the judicial emergency orders had not "extended" the limitations period for English's claim because it expired on July 28, 2020, "outside the time frame" that "the tolling provisions . . . were in effect."

English countered that the judicial emergency orders' tolling provisions broadly applied to *all* statutes of limitations, not only those that would have expired during the tolling period. He asserted that "when the tolling period commenced on March 16, 2020," 135 days of the two-year statute of limitations remained. Therefore, "[a]fter the tolling period ended on July 19, 2020, those 135 days began to run down again, and would not have run out until December 1, 2020." Hence, English argued that his claim was timely filed because the "126-day tolling period extended [his] statute of limitations through and including December 1, 2020."

The circuit court concluded that the tolling provisions applied to "only the Statutes of Limitations and deadlines that would *expire* during the tolling period." (Emphasis added). Therefore, the circuit court held that the judicial emergency orders did not toll English's claim because the limitations period "did not expire during the tolling period of March 16, 2020 through July 19, 2020." The court further held that English's complaint was time-barred because the statute of limitations "expired on July 28, 2020, and he did not file his Complaint until November 30, 2020." Accordingly, the circuit court sustained Quinn's plea in bar and dismissed English's claim with prejudice. The circuit court denied English's motion to reconsider. English

---

[3] The Second Judicial Emergency Order tolled and extended "all applicable deadlines, time schedules and filing requirements, including any applicable statute of limitations which would otherwise run during the period this order is in effect." EDO of March 27 at 1 ¶ 2.

- 3 -

appealed, arguing the judicial emergency orders tolled all claims during the 126-day period. We agree.

## ANALYSIS

The sole issue in this appeal is whether the Supreme Court's judicial emergency orders tolled the two-year statute of limitations for English's personal injury claim. We review *de novo* the circuit court's interpretation of the Supreme Court's orders and relevant statutes. *See Jacks v. Commonwealth*, 74 Va. App. 783, 788 (2022) (*en banc*) (applying the *de novo* standard to the interpretation of statutes and the Supreme Court's pandemic emergency orders); *cf. LaCava v. Commonwealth*, 283 Va. 465, 469-70 (2012) (reviewing *de novo* a lower court's interpretation of the Rules of the Virginia Supreme Court). Statutory construction principles guide our interpretation of the Supreme Court's orders. *Browning v. Browning*, 68 Va. App. 19, 24 (2017). Accordingly, "[w]hen the language of [an order] is unambiguous, we are bound by the plain meaning of the words used." *Antisdel v. Ashby*, 279 Va. 42, 48 (2010).

English contends that the circuit court erred when it ruled that the judicial emergency orders tolled only those statutes of limitations that would have expired during the tolling period, and not those that expired after July 19, 2020. He argues that the "Supreme Court plainly and consistently ordered that 'all' statutes of limitations [were] tolled through the tolling period." According to English, the circuit court misconstrued the Second Judicial Emergency Order's tolling language—equating the word "run" with "expire" and the word "including" with "including only"—to erroneously conclude that the emergency orders tolled only the statutes of limitations and deadlines "that would expire during the tolling period." We agree.

### A. The Supreme Court's Judicial Emergency Orders

The First Judicial Emergency Order "*toll[ed] and extend[ed]*" "*all* deadlines" in district and circuit courts for twenty-one days, consistent with Code § 17.1-330(D). EDO of March 16

at 2 (emphases added). The Second Order "toll[ed] and extend[ed]" "all applicable deadlines, time schedules and filing requirements, including any applicable statute of limitations which would otherwise run during the period this order is in effect." EDO of March 27 at 1 ¶ 2.[4] The Third Order provided that "[a]s recognized in the First and Second Orders, in district and circuit courts the statutes of limitation and case related deadlines are tolled during the Period of Judicial Emergency." EDO of April 22 at 2 ¶ 1. The order expressly defined "toll" as "[t]o suspend or stop temporarily." *Id.* at 2 n.\* (quoting *Black's Law Dictionary* 1448 (6th ed. 1990)).

In a subsequent order, the Supreme Court clarified that it had "broadly stated" that "all deadlines" were tolled and extended, the Second Order "repeated the broad tolling of deadlines," and the Third Order had "incorporated by reference the prior emergency orders" and "tolled" "*all* 'statutes of limitations and case related deadlines'" during the period of judicial emergency. EDO of May 1 (Clarification Order) at 2 ¶ 2 (emphasis added).

The Supreme Court's Fourth, Fifth, and Sixth Orders each incorporated by reference the prior emergency orders and reiterated that "the statutes of limitation and all other case-related deadlines, excluding discovery deadlines, shall continue to be tolled during the ongoing" period of judicial emergency. EDO of May 6 at 3 ¶ 2; EDO of June 1 at 2 ¶ 3; EDO of June 22 at 2 ¶ 3. Each order also stated, "[t]o the extent that the content of this Order is different than the preceding orders, this Order shall control." EDO of May 6 at 6; EDO of June 1 at 5; EDO of June 22 at 7.

Finally, the Seventh Order provided that "beginning on July 20, 2020, for cases in the district and circuit courts, there shall be no further tolling of statutes of limitation or other

---

[4] The Second Order listed several exceptions not relevant here. EDO of March 27 at 1 ¶ 2.

case-related deadlines." EDO of July 8 at 1 ¶¶ 1, 4.[5]  The order expressly provided that "[t]he tolling period as a result of the Judicial Emergency for such statutes of limitation and deadlines shall be limited to March 16, 2020 through July 19, 2020.  This period of tolling *shall not* be counted for purposes of determining statutes of limitation or other case-related deadlines." EDO of July 8 at 1-2 (emphasis added).[6]

> B. The Judicial Emergency Orders temporarily stopped the running of *all* statutes of limitations.

Well-established principles of interpretation guide our analysis.  When the Supreme Court has defined a specific word in an order, "this Court need not look outside the plain language of the definition in that [order] to determine" the word's meaning. *Brewer v. Commonwealth*, 71 Va. App. 585, 596 (2020).  Here, the orders expressly defined the word "toll" as "[t]o suspend or stop temporarily." EDO of April 22 at 2 n.* (quoting *Black's Law Dictionary* 1448 (6th ed. 1990)); *accord Artis v. Dist. of Columbia*, 138 S. Ct. 594, 598 (2018) (holding that a federal statutory provision tolling a state statute of limitations temporarily "stopp[ed] the limitations clock," which did not resume until the tolling period terminated).

Here, the plain language of the judicial emergency orders "stopp[ed] the limitations clock" for *all* statutes of limitations between March 16, 2020, and July 19, 2020. *Artis*, 138

---

[5] The Seventh Order exempted deadlines imposed by the Speedy Trial Act, Code § 19.2-243.  EDO of July 8 at 1 ¶ 4.

[6] To illustrate its tolling effect, the Seventh Order offered the following example:

> If . . . the circuit court entered final judgment on March 10, 2020, six days before the Judicial Emergency was declared, then the total number of days of the Period of Judicial Emergency shall not count toward the 90-day deadline for filing the petition for appeal under Rule 5:17(a)(1), and this deadline would be *extended* for a period of 84 days *after* the Judicial Emergency ends.

EDO of July 8 at 2 (emphases added).  The Third Order contained an identical example.  EDO of April 22 at 2 n.*.

- 6 -

S. Ct. at 598. By their clear and express terms, the orders' tolling provisions were not limited to deadlines that otherwise would have expired during that period. Indeed, the orders instructed that the time remaining when the tolling period commenced was to be added after the judicial emergency ended. *See* EDO of April 22 at 2 n.\*; EDO of July 8 at 2. It explained:

> If . . . the circuit court entered final judgment on March 10, 2020, six days before the Judicial Emergency was declared, then the total number of days of the Period of Judicial Emergency shall not count toward the 90-day deadline for filing the petition for appeal under Rule 5:17(a)(1), and this deadline would be *extended* for a period of 84 days *after* the Judicial Emergency ends.

EDO of April 22 at 2 n.\* (emphases added); EDO of July 8 at 2 (emphases added).[7] At the risk of stating the obvious, when the Supreme Court said that the orders' tolling provisions applied to "all 'statutes of limitations,'" it meant "*all* 'statutes of limitations.'" EDO of May 1 at 2 ¶ 2 (emphasis added).[8] *Cf. Jacks*, 74 Va. App. at 790 (observing that "when the Virginia Supreme Court said 'all case-related deadlines' except discovery deadlines, it meant 'all case-related deadlines' except discovery deadlines" (quoting EDO of May 6)).

---

[7] Although the example the Supreme Court included in the order dealt with the deadline for filing a petition for appeal, we see no reason it would not equally apply to a statute of limitations given the Court's continued reference to "all deadlines" and "all statutes of limitations" in the EDO orders. After all, "the one canon of construction that precedes all others is that we presume that the [Supreme Court] says what it means and means what it says." *Cornell v. Benedict*, ___ Va. ___, ___ (Oct. 13, 2022).

[8] The Supreme Court recently repeated this clarification, stating that the First Judicial Emergency Order "tolled and extended" *all* "deadlines" and the Second and Third Orders "later extended [the First Order's tolling provisions] to '*all* applicable deadlines, time schedules, and filing requirements,' and tolled case-related deadlines." *Fowler v. Commonwealth*, No. 201255, slip. op. at 3 (Va. Jan. 13, 2022) (emphases added) (quoting EDO of March 16 and then EDOs of March 27 and April 22). Accordingly, the Supreme Court held that the trial court retained jurisdiction to enter an order on April 28, 2020, modifying a March 17, 2020 final order because the orders had tolled Rule 1:1's twenty-one-day deadline. *Id.* Although Rule 5:1(f) provides that unpublished opinions may be cited as informative, "unpublished opinions are merely persuasive authority and not binding precedent." *Coffman v. Commonwealth*, 67 Va. App. 163, 172 (2017) (quoting *Baker v. Commonwealth*, 59 Va. App. 146, 153 n.3 (2011)). That said, the opinion is certainly indicative of the Supreme Court's interpretation of its orders.

In this case, English's cause of action for personal injury accrued on the date of the collision, July 28, 2018. *See Kerns v. Wells Fargo Bank, N.A.*, 296 Va. 146, 157 (2018) (holding that a cause of action for personal injury accrues at the time of injury). Ordinarily, the applicable two-year statute of limitations would have expired on July 28, 2020. Code § 8.01-243(A). But the judicial emergency orders stopped the clock for the two-year limitations period on March 16, 2020, when English had 135 days remaining to file his claim. EDO of March 16. When the clock restarted on July 20, 2020, the 135 days began to count down again and would not have expired until December 1, 2020. EDO of July 8. Accordingly, English timely filed his complaint on November 30, 2020, and the circuit court erred by holding that it was time-barred. *Cf. Baker v. Zirkle*, 226 Va. 7, 13-14 (1983) (holding plaintiff timely filed complaint within two-year statute of limitations because Code § 8.01-581.2's tolling provisions "interrupted" the running of the limitations period when she filed notice of the claim).

Quinn resists this conclusion by arguing that the Second Judicial Emergency Order "makes it clear" that "only the [statutes of limitations] that would run (*meaning expire*) during" those 126 days "would be tolled and extended." (Emphasis added). He asserts that by tolling and extending "all applicable deadlines . . . *including* any applicable statute of limitations which would otherwise *run during*" the tolling period, the Second Order implicitly *excluded* statutes of limitations that would *expire after* the tolling period ended. We are unpersuaded by Quinn's argument because it requires us to fixate on isolated words in the Second Judicial Emergency Order's tolling language and to add words not found in its text.

When interpreting an order, "[w]e do not isolate particular words or phrases but rather examine a[n order] in its entirety." *Colbert v. Commonwealth*, 47 Va. App. 390, 395 (2006). Read together, the judicial emergency orders do not use the word "run" synonymously with the word "expire." Applied to statutes of limitations, "run" in its present tense form typically

references a limitations period that is ongoing or would start in the future. *See, e.g.*, *Haynes v. Haggerty*, 291 Va. 301, 306-07 (2016) (noting that the "limitations period [for certain claims] *began to run* [at age eighteen] and expired two years later" (emphasis added)); *Smith's Adm'r v. Charlton's Adm'r*, 48 Va. (7 Gratt.) 425, 435 (1851) (observing that the Supreme Court has not held that a statute of limitations "*would run* against a judgment upon which no proceedings could be had" (emphasis added)); *Forest Lakes Cmty. Ass'n, Inc. v. United Land Corp. of Am.*, 293 Va. 113, 127-28 (2017) (stating that a series of "repeated actions" causing temporary injuries to property "*would run* the limitation period anew with each such action" (emphasis added)). By contrast, when the word "run" refers to a limitations period having expired, it is usually in the past tense form or accompanied by a helping verb. *See, e.g.*, *Run*, *Black's Law Dictionary* (11th ed. 2019) (defining "run" as "[t]o expire after a prescribed period <the statute of limitations *had run*, so the plaintiff's lawsuit was barred>" (emphasis added)); *Goodstein v. Allen*, 222 Va. 1, 4 (1981) (noting that the trial court ruled that the statute of limitations "*had run* before the suit was filed" (emphasis added)); *Taylor v. Commonwealth*, 64 Va. App. 282, 290 (2015) (holding that the Commonwealth could not charge a criminal defendant with a felony "after the limitations period on a lesser-included misdemeanor *had run*" (emphasis added)).

      The word "run" in the Second Judicial Emergency Order plainly referred to limitations periods that would be ongoing during the period of judicial emergency, rather than those that would "expire." We "'presume that the [Supreme Court] chose, with care, the specific words of the [order]' and that '[t]he act of choosing carefully some words necessarily implies others are omitted with equal care.'" *VEPCO v. State Corp. Comm'n*, 300 Va. 153, 163 (2021) (third alteration in original) (quoting *Wal-Mart Stores East, LP v. State Corp. Comm'n*, 299 Va. 57, 70 (2020)). In fact, the judicial emergency orders used the word "expire" when the Court meant "expire." *See, e.g.*, EDO of April 22 (observing that "if a two-year statute of limitations would

- 9 -

*expire* . . . on April 16, 2020, the [tolling period] would not be counted for purposes of the statute of limitations" (emphasis added)). If the Supreme Court had intended for the Second Judicial Emergency Order to toll only those statutes of limitations that would expire during the tolling period, it would have said so expressly. *See Hill v. Commonwealth*, ___ Va. ___, ___ (Aug. 11, 2022) ("In judicial orders, as in ordinary conversation, meaning can be clearly expressed and just as clearly implied.").

Further, Quinn's argument wholly overlooks the subsequent judicial emergency orders that superseded the provisions in the Second Order upon which he relies by stating that they—and all subsequent orders—applied to *all* statutes of limitations. It is well-established that courts have the authority to interpret their own orders. *Roe v. Commonwealth*, 271 Va. 453, 457 (2006). To the extent any ambiguity remained, it was resolved by the Court's express instruction that the remaining time for all statutes of limitations periods was to be added back when the judicial emergency ended. Here, the plain terms of that instruction meant that English had 135 days remaining to file his complaint when the tolling provisions ended on July 19, 2020. EDO of April 22 at 2 n.*; EDO of July 8 at 2. The circuit court erred in concluding otherwise and dismissing English's complaint.

## CONCLUSION

The Supreme Court's emergency orders tolled all statutes of limitations from March 16, 2020, through July 19, 2020. We reverse the circuit court's judgment and remand for further proceedings.

*Reversed and remanded.*