IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **ROBERT DILLOW,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 7:22cv280 |
| **VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY, et al.,** | ) |
| Defendants. | ) |

### MEMORANDUM IN SUPPORT OF
### MOTION TO DISMISS BY SPECIAL APPEARANCE PURSUANT TO RULE 12(b)(5)

Defendant Rachael Tully ("Tully"), by counsel, pursuant to Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure, make a special appearance to submit this brief in support of her Motion to Dismiss by Special Appearance Pursuant to Rule 12(b)(5). The claims against Tully should be dismissed for the reasons set forth below.

### STATEMENT OF THE CASE

In his Second Amended Complaint—now the third iteration of his lawsuit—Robert Dillow ("Dillow") claims that his two-year suspension from Virginia Tech violated his constitutional rights to due process and equal protection under the law and violated Title IX of the Education Amendments of 1972. Dillow also asserts claims for negligence and negligent infliction of emotional distress ("NIED") under Virginia law.

The Court previously dismissed the claims against Tully pursuant to Rule 12(b)(5) due to Dillow's failure to timely serve Tully. While the Court granted Dillow leave to file an amended complaint, he has never served Tully, and his filing of the Second Amended


FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0449\NHS
4866-6896-8282 .v2

Complaint does not constitute service either. As such, the claims asserted against Tully should be dismissed.

## ARGUMENT & AUTHORITY

### I. Standard of Review

Federal Rule of Civil Procedure 12(b)(5) permits a defendant to file a pretrial motion to dismiss if a plaintiff fails to timely serve that defendant with a copy of the summons and complaint. Wade v. Suntrust Bank & Emples., No. 1:19cv1447, 2019 U.S. Dist. LEXIS 231506, at *3 (E.D. Va. Dec. 30, 2019) (citation omitted); see also 5B Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004)). If such a motion is filed, it is the plaintiff's burden to prove "service of process conformed to Federal Rule of Civil Procedure 4." Id. (internal quotations omitted).

"Federal Rule of Civil Procedure 4(m) requires that a plaintiff serve each defendant within 90 days of filing the complaint. If the plaintiff fails to do so, the court "'must dismiss the action without prejudice' unless 'the plaintiff shows good cause for the failure.'" Doe v. Va. Polytechnic Inst. & State Univ., No. 7:20cv711, 2021 WL 2156411, 2021 U.S. Dist. LEXIS 100649, *2 (W.D. Va. May 27, 2021) (Cullen, J.) (quoting Fed. R. Civ. P. 4(m) (hereinafter referred to as "Doe v. Va. Tech").

### II. Dillow Failed to Timely Serve Tully.

Dillow originally filed suit on June 2, 2022. ECF No. 1. The last day to effect service on defendants was August 31, 2022. See Fed. R. Civ. P. 4(m). Tully has never been served, and the ninety-day period to execute service has long-since expired. Tully resides in Richmond, Virginia, ECF No. 25-1, and there is no evidence that service has been


FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

attempted on her at any address other than an incorrect address in Blacksburg, Virginia. See ECF No. 17.

After the Court dismissed Tully due to Dillow's failure to timely serve her, Dillow filed his Second Amended Complaint, omitting the other defendant he failed to timely serve but naming Tully as a defendant again. ECF No. 49. But Dillow still has never served Tully, and the filing of his Second Amended Complaint cannot circumvent Tully's improper service defense. See Makell v. Cnty of Nassau, 599 F. Supp. 3d 101, 107 (E.D.N.Y. 2022) (citing Bolden v. City of Topeka, Kan., 441 F.3d 1129, 1148 (10th Cir. 2006)); Fox v. United States, No. 3:10cv126, 2012 WL 639915, 2012 U.S. Dist. LEXIS 24412, *4 (S.D. Miss. Feb. 27, 2012) (citation omitted); Bellotte v. Edwards, No. 3:08cv94, slip op., ECF No. 64, at *5 (N.D.W. Va. Apr. 30, 2009)).

In Fox. v. United States, the court construed a pro se plaintiff's request as a motion to amend his complaint to add several defendants previously dismissed pursuant to Rule 4(m). Fox, 2012 U.S. Dist. LEXIS 24412, *4. The Fox Court denied the plaintiff's request because an amended complaint "would not restart the clock for purposes of serving those defendants." Id. (citing Bolden, 441 F.3d at 1148–49).

In Rojek v. Catholic Charities, Inc., the defendant contested service of process as improper. Rojek, No. 08-14492, 2009 U.S. Dist. LEXIS 106452, at *2 (E.D. Mich. Nov. 16, 2009). The plaintiff argued that service of process was proper because the defendant's attorneys ultimately received a copy of the complaint and also argued that the defendant waived any argument as to improper service by attending a scheduling conference and agreeing to accept service of an amended complaint. Id. The Rojek Court agreed with the defendant that the plaintiff failed to properly serve the defendant and rejected the


FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 3 -

629.0449\NHS
4866-6896-8282 .v2

plaintiff's waiver argument. Id. at *14–16. The defendant raised the improper service issue by motion and in its answer, and the defendant's appearance at the scheduling conference did not waive its defense. Id. at *17. The Rojek Court explained its decision as follows:

> In this case, taking Plaintiff's account of the May 11, 2009 scheduling conference as accurate, the Court finds only that Plaintiff misunderstood the nature of the agreement reached by the parties. The parties discussed permitting Plaintiff to file an amended complaint, clarifying the named Defendant as "Catholic Charities of Jackson" rather than "Catholic Charities, Inc." The fact that Defendant conceded Plaintiff's right to amend under Rule 15(c) did not resolve the issue of insufficient service of process, where no registered or authorized agent of Catholic Services of Jackson has been served to date. That defense counsel agreed to accept service of the amended complaint through the Court's electronic filing system does not remedy this flaw in the original service of process, even if it created in Plaintiff the impression that the improper service of process defense would eventually be resolved. Thus, the Court concludes that Defendant did not waive the improper service defense.

Id. at *17–18.

Here, Tully did not consent to the filing of an Amended Complaint naming her as a defendant, and undersigned counsel did not agree to accept service of an amended complaint naming Tully. See Watson v. Shenandoah Univ., No. 5:14cv22, 2015 WL 5674887, 2015 U.S Dist. LEXIS 128281, *11 (W.D. Va. Sept. 24, 2015). Accordingly, if there was no waiver of the improper service defense in Rojek, there certainly could be no waiver here, and Dillow's filing of a Second Amended Complaint "[did] not remedy [the] flaw in the original service of process . . . ." Id. at *17.

Because Dillow's Second Amended Complaint did not "restart the clock" for purposes of serving Tully, the Court should again dismiss Tully from this case without prejudice.


FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 4 -

629.0449\NHS
4866-6896-8282 .v2

## CONCLUSION

For the foregoing reasons, defendant Rachael Tully, by counsel, respectfully requests entry of an Order dismissing her from this case and granting such further relief as the Court deems just and proper.

Respectfully submitted,

RACHAEL TULLY

/s/
Katherine C. Londos (VSB #: 36848)
Nathan H. Schnetzler (VSB #: 86437)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:     540/772-9167
Email: klondos@faplawfirm.com
            nschnetzler@faplawfirm.com

Kay Heidbreder (VSB No.: 22288)
University Legal Counsel and
Senior Assistant Attorney General
*heidbred@vt.edu*
M. Hudson McClanahan (VSB No.: 46363)
*hud3@vt.edu*
Kristina J. Hartman (VSB No.: 92279)
*kjhart06@vt.edu*
Stephen F. Capaldo (VSB No.: 74045)
*scapaldo@vt.edu*
Associate University Legal Counsel and
Assistant Attorney General
University Legal Counsel (0121)
Burruss Hall, Suite 236, Virginia Tech
800 Drillfield Drive
Blacksburg, VA  24060
Phone: (540) 231-6293
Fax: (540) 231-6474

*Counsel for Defendants*



## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

/s/ Nathan H. Schnetzler
Of Counsel



629.0449\NHS
4866-6896-8282 .v2