IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT DILLOW, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:22cv280 |
| ) | |
| VIRGINIA POLYTECHNIC INSTITUTE ) | |
| AND STATE UNIVERSITY, et al., ) | |
| ) | |
|    Defendants. ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO RULE 12(b)(1)**

Defendants Virginia Polytechnic Institute and State University, Shara Penermon, Rachael Tully,[1] and Steven Schuh, (collectively "Defendants"), by counsel, submit this brief in support of their Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The claims against Defendants should be dismissed for the reasons set forth below.

### STATEMENT OF THE CASE

In his Second Amended Complaint—now the third iteration of his lawsuit—Robert Dillow ("Dillow") claims that his two-year suspension from Virginia Tech violated his constitutional rights to due process and equal protection under the law and violated Title IX of the Education Amendments of 1972. Dillow also asserts claims for negligence and negligent infliction of emotional distress ("NIED") under Virginia law. As set forth more fully below—and as previously explained by the Court—Dillow's claim against Virginia

---

[1] Tully has also filed a motion to dismiss pursuant to Rule 12(b)(5). Pursuant to Rule 12(b), Tully does not waive any defense or objection under Rule 12(b)(5) by joining this motion.

- 1 -

Tech in Count I is not cognizable under 42 U.S.C. § 1983, sovereign immunity bars state law claims against Defendants, and Virginia's state courts have exclusive jurisdiction over Dillow's state law claims. Therefore, those claims should be dismissed.

## ARGUMENT & AUTHORITY

### I. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to challenge the court's subject matter jurisdiction to hear a claim. A Rule 12(b)(1) motion may present either a facial challenge or a substantive challenge to the allegations in a complaint. Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). A facial challenge is based on the plaintiff's failure "'to allege facts upon which subject matter jurisdiction can be based.'" Id. (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). A substantive challenge under Rule 12(b)(1) "challenges the factual predicate of [the court's] subject matter jurisdiction" and permits a court to "go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations, without converting the motion to a summary judgment proceeding." Id. (internal quotation and emphasis omitted). "[T]he burden of proving subject matter jurisdiction is on the plaintiff." Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams, 697 F.2d at 1219).

### II. Virginia Tech's Immunity Bars Some of Dillow's Claims

Dillow's claim in Count One against Virginia Tech is barred. Because neither Virginia Tech nor its officials are "person[s]" for purposes of 42 U.S.C. § 1983, and Defendants are entitled to sovereign immunity afforded by the Eleventh Amendment, the Court lacks



- 2 -

629.0449\NHS
4877-6192-0858 .v3

subject matter jurisdiction to hear Dillow's claims for money damages against Virginia Tech pursuant to 42 U.S.C. § 1983 and his state law claims against Defendants.

    a. **Virginia Tech is not a "person" for purposes of 42 U.S.C. § 1983.**

42 U.S.C. § 1983 provides a remedy for violations of a right secured by the Constitution and the laws of the United States "'committed by a person acting under color of state law.'" Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)). "[A]n official-capacity suit against a state officer 'is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself.'" Hafer v. Melo, 502 U.S. 21, 26 (1991) (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Will, 491 U.S. at 71.

    As the Court already concluded, see ECF No. 47, Virginia Tech is a state agency and is therefore not a "person" for purposes of a claim under 42 U.S.C. § 1983. Va. Code § 23.1-2600, et seq. Indeed, the Board of Visitors of Virginia Tech is a body corporate created by the Virginia General Assembly to operate the university. Id. Therefore, Dillow's claim against Virginia Tech in Count I fails as a matter of law because the university is not a "person" under § 1983. See ECF No. 47, *11; Doe v. Va. Polytechnic Inst. & State Univ., No. 7:19cv249, 2020 WL 1309461, 2020 U.S. Dist. LEXIS 47754, *11 (W.D. Va. Mar. 19, 2020) (citing Yunsong Zhao v. Va. Polytechnic Inst. & State Univ., No. 7:18cv189, 2018 WL 5018487, 2018 U.S. Dist. LEXIS 177991, at *8 (W.D. Va. Oct. 15, 2018)); see also Bradley v. Snidow, No. 7:19cv359, 2019 WL 2330904, 2019 U.S. Dist. LEXIS 91798, *4–5 (W.D. Va. May 31, 2019); Bradley v. Virginia, No. 7:19cv253, 2019 WL 1460921, 2019 U.S. Dist. LEXIS 56492, *5 (W.D. Va. Apr. 2, 2019); Collin v. Rector & Bd. of Visitors of the Univ. of Va., 873



629.0449\NHS
4877-6192-0858 .v3

F. Supp. 1008, 1013 (W.D. Va. 2005); Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993); Hartman v. Univ. of Md. at Baltimore, No. 10-2041, 2013 U.S. Dist. LEXIS 179454, 2013 WL 6858854 (D. Md. Dec. 20, 2013).

    b. **Virginia Tech and its officers are entitled to Eleventh Amendment immunity.**

While the Virginia Tort Claims Act, Va. Code § 8.01-195 et seq., permits a claim for damages against the Commonwealth of Virginia, that Act specifically preserves "individual immunity of judges, the Attorney General, attorneys for the Commonwealth, and other public officers, their agents, and employees from tort claims for damages . . . ." Accord Rector & Visitors of the Univ. of Va. v. Carter, 267 Va. 242, 245, 591 S.E.2d 76, 78 (2004); McConnell, 829 F.2d at 1329. Thus, "absent waiver or abrogation of sovereign immunity . . . any claims against Virginia Tech 'are barred regardless of the relief sought.'" ECF No. 47, *11 (quoting Puerto Rico Aqueduct, 506, U.S. at 146). 42 U.S.C. § 1983 does not abrogate sovereign immunity, which means Dillow's claim against Virginia Tech is barred. Id. (citations omitted).

    c. **State courts retain exclusive jurisdiction to hear claims under the VTCA.**

As the Court previously advised, state courts retain exclusive jurisdiction to hear claims brought pursuant to the Virginia Tort Claims Act. Va. Code § 8.01-195.4; ECF No. 47, *12 n.9 (citing Va. Code § 8.01-195.4; McConnell, 829 F.2d at 1329; Creed v. Virginia, 596 F. Supp. 2d 930, 937–39 (E.D. Va. 2009)); see also Trantham v. Henry Cnty. Sheriff's Office, No. 4:10cv58, 2011 U.S. Dist. LEXIS 24512, at *14-15, 2011 WL 863498 (W.D. Va. Mar. 10, 2011). The Virginia Tort Claims Act provides that:

> the Commonwealth shall be liable for claims for money . . . on account of . . . personal injury or death caused by the negligent or wrongful act or omission of any employee while acting within the scope of his employment under



> circumstances where the Commonwealth . . . if a private person, would be liable to the claimant for such . . . injury or death.

Va. Code § 8.01-195.3. In Counts Four and Five, Dillow plainly alleges that employees of the Commonwealth caused him personal injury. Thus, these claims are subject to the VTCA, and the Court lacks jurisdiction to hear them. Regardless, the claims are time-barred for the reasons set forth in Defendants' brief in support of their Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request entry of an Order granting their Motion to Dismiss Pursuant to Rule 12(b)(1), granting their Motion to Dismiss pursuant to Rule 12(b)(6), dismissing the Second Amended Complaint with prejudice and striking it from the active docket of this Court, and granting such further relief as the Court deems just and proper.

Respectfully submitted,

VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY, RACHAEL TULLY, SHARA PENERMON, AND STEVEN SCHUH

/s/_____
Katherine C. Londos (VSB #: 36848)
Nathan H. Schnetzler (VSB #: 86437)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:    540/772-9167
Email: klondos@faplawfirm.com
        nschnetzler@faplawfirm.com



629.0449\NHS
4877-6192-0858 .v3

Kay Heidbreder (VSB No.: 22288)
University Legal Counsel and
Senior Assistant Attorney General
*heidbred@vt.edu*
M. Hudson McClanahan (VSB No.: 46363)
*hud3@vt.edu*
Kristina J. Hartman (VSB No.: 92279)
*kjhart06@vt.edu*
Stephen F. Capaldo (VSB No.: 74045)
*scapaldo@vt.edu*
Associate University Legal Counsel and
Assistant Attorney General
University Legal Counsel (0121)
Burruss Hall, Suite 236, Virginia Tech
800 Drillfield Drive
Blacksburg, VA  24060
Phone: (540) 231-6293
Fax: (540) 231-6474

*Counsel for Defendants*



629.0449\NHS
4877-6192-0858 .v3

- 7 -

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

/s/ Nathan H. Schnetzler
Of Counsel



629.0449\NHS
4877-6192-0858 .v3