# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ROBERT DILLOW, *Plaintiff,* v. VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY; et al., *Defendants.* | Case No. 7:22-cv-00280-TTC |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO RULE 12(b)(1)

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

STANDARD OF REVIEW ....................................................................................................3

LEGAL ARGUMENT ............................................................................................................3

    A.    Virginia Tech is Not Barred by Immunity ......................................................3

        (i)   Virginia Tech is a "Person" for Purposes of 42 U.S.C. 1983 .......................3

        (ii)  Eleventh Amendment Immunity Applies ......................................................4

        (iii) Claims Brought Under VTCA ....................................................................5

CONCLUSION ........................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ................................................3

*Bd. of Trustees of Univ. of Ala. V. Garrett*, 531 U.S. 356, 363, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001) ..................................................................................................4

*Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437, 124 S. Ct. 899, 157 L. Ed. 2d 855 (2004) ......................................................................................................................4

*Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) .......................................3

*Lapides v. Bd. of Regents of Univ. Sys., of Ga.*, 535 U.S. 613, 618, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002) ..........................................................................................4

*Lee-Thomas v. Prince George's County Pub. Sch.*, 666 F.3d 244 (4th Cir. 2012) ....4

**Statutes**

1 U.S.C. § 1 ................................................................................................................3

28 U.S.C. § 1331 ........................................................................................................5

28 U.S.C. § 1343(3) ...................................................................................................5

42 U.S.C. §1983 ................................................................................................ 3, 4, 5

ii

## STANDARD OF REVIEW

Rule 12(b)(1) motion can be characterized as either a "facial" or a "factual" challenge to the court's subject matter jurisdiction. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). A facial challenge argues that the complaint fails to allege facts sufficient to support a finding that a court has subject matter jurisdiction. *Id.* Thus, if the Rule 12(b)(1) motion is a facial challenge, "'the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration.'" *Id.* (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). That is, the factual allegations of the complaint are treated as true. *Id.*

## LEGAL ARGUMENT

### A. Virginia Tech is Not Barred by Immunity

Virginia Tech, nor its officials are barred from suit under §1983. Plaintiffs seek injunctive relief against Virginia Tech and the individual defendants in their official capacities.

### (i) Virginia Tech is a "Person" for Purposes of 42 U.S.C. 1983

Defendant first seeks dismissal of Plaintiff's claims on the grounds that Defendant is not a "person" under 42 U.S.C. §1983. The words "person" and "whoever" include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals. 1 U.S.C. § 1. Defendant Virginia Tech is a "person" for purposes of the reading of the statute.

3

### (ii)    Eleventh Amendment Immunity Applies

Defendant's assertion that Plaintiff's claim brought under 42 U.S.C. § 1983 is barred by Eleventh Amendment immunity does not take into consideration the three exceptions to the Eleventh Amendment immunity. *Lee-Thomas v. Prince George's County Pub. Sch.*, 666 F.3d 244 (4th Cir. 2012).

"Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." *Bd. of Trustees of Univ. of Ala. V. Garrett*, 531 U.S. 356, 363, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001). The second exception states that "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437, 124 S. Ct. 899, 157 L. Ed. 2d 855 (2004). The third exception concerns a State's freedom "to waive its Eleventh Amendment immunity from suit in a federal court." *Lapides v. Bd. of Regents of Univ. Sys., of Ga.*, 535 U.S. 613, 618, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002).

Plaintiff's treatment by Defendant Virginia Tech violated the University's own policies and procedures, as well as federal law. Defendants do not find fault with Plaintiff's claims so the Defendants actions, only their ability to bring suit. The Defendant is not immune from all claims by the Eleventh Amendment.

Sovereign immunity granted by the Eleventh Amendment does not extend to claims for injunctive relief. Plaintiff seeks injunctive relief through its Second Amended Complaint. While Plaintiff cannot seek compensatory damages on his §1983 claims, the claims for injunctive relief cannot be summarily dismissed. Defendant provides an overbroad interpretation of the parameters of sovereign immunity and Eleventh Amendment immunity.

Defendant states that qualified immune applies to Plaintiff's claims. The Civil Rights Act of 1871, 17 Stat. 13, provided what are now 42 U.S.C. §1983 and 28 U.S.C. § 1343(3). The Judiciary Act of 1875, 18 Stat. 470, provided what now is 28 U.S.C. § 1331. Defendant's qualified immunity argument does not apply to injunctive and declaratory relief under § 1331 and *Ex parte Young*. Plaintiff is entitled to injunctive relief under the federal law. Plaintiff has laid out enough facts, taken in the light most favorable to Plaintiff, to provide for relief. Plaintiff's claims should be allowed to move forward to discovery and a trial date set.

### (iii) Claims Brought Under VTCA

Plaintiff concurs that claims brought under the Virginia Tort Claims Act should be dismissed without prejudice.

### CONCLUSION

Based on the foregoing, Plaintiff's claims arising under the Virginia Tort Claims Act should be dismissed without prejudice. The remainder of Defendants'

5

Motion to Dismiss the Second Amended Complaint should be denied, and this matter set for trial by Jury.

Dated: April 18, 2023        Respectfully Submitted,

Keith Altman, Esq. (*pro hac vice*)
LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (987) 987-8929
keithaltman@kaltmanlaw.com

/s/ *William W. Smith*
William W. Smith, III, Esq.
(VA Bar ID 92533)
Critzer Cardani, PC
12090 West Broad Street, 2nd Floor
Henrico, VA 23233
(804) 793-8010
(804) 767-3436 fax
Will@cclawva.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT DILLOW,<br><br>*Plaintiff,*<br><br>v.<br><br>VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY; et al.,<br><br>*Defendants.* | Case No. 7:22-cv-00280-TTC |

## CERTIFICATE OF SERVICE

I certify that on April 18, 2022, I served the foregoing Plaintiff's Opposition to Defendants' Motion to Dismiss upon all parties herein by filing copies of same using the ECF System.

Respectfully Submitted,

Keith Altman, Esq.

7