# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ROBERT DILLOW,<br><br>*Plaintiff,*<br><br>v.<br><br>VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY; et al.,<br><br>*Defendants.* | Case No. 7:22-cv-00280-TTC |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

STANDARD OF REVIEW ......................................................................................................1

LEGAL ARGUMENT ..............................................................................................................2

    A.   Defendants Motion to Dismiss Should be Denied in its Entirety as it Does Not Conform with Well-Established Pleading Requirements ................................2

    B.   Virginia Tort Law Claims .................................................................................2

    C.   Due Process Claim ............................................................................................2

        (i)  Protected Property Interest ...........................................................................3

        (ii)  Protected Liberty Interest .............................................................................5

        (iii) Due Process Measures Provided .................................................................6

    D.   Equal Protection and Title IX ..........................................................................8

CONCLUSION ........................................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Acorn Land, LLC v. Balt. County*, 402 Fed. Appx. 809, 816 (4th Cir. 2010) ...........2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).......................................................1, 2

Bd. of Curators v. Horowitz, 435 U.S. 78, 88, 98 S. Ct. 948, 55 L. Ed. 2d 124
  (1978)..............................................................................................................7

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007) ........................1

*Board of Regents of State Colleges v Roth* , 408 U.S. 564, 577 (1972) ...................5

*Butler v. Rector and Bd. of Visitors of Coll. of William and Mary*, 121 Fed. Appx.
  515, 518 (4th Cir. 2005)..................................................................................5

*Doe v. Alger*, 175 F. Supp. 3d 646, 656 (W.D. Va. 2016).........................................4

*Doe v. Fairfax Cty. Sch. Bd.*, 384 F. Supp. 3d 598 (E.D. Va. 2019).......... 10, 11, 12

*Doe v. Fairfax Cty. Sch. Bd.*, 403 F. Supp. 3d 508, 516 (E.D. Va. 2019)................11

*Doe v. Va. Polytechnic Inst. & State Univ.*, Civil Action No. 7:19-cv-00249, 2022
  U.S. Dist. LEXIS 144420 (W.D. Va. Aug. 11, 2022) ..................................... 9, 13

*Doe v. Washington & Lee Univ.*, 439 F. Supp. 3d 784, 2020 WL 618836, at *8
  (W.D. Va. 2020)..............................................................................................5

*Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) ..........................2

*Equity in Athletics, Inc. v. Dept. of Education*, 639 F.3d 91, 109 (4th Cir. 2011) ....4

*Henson v. Honor Committee of U. Va.*, 719 F.2d 69, 74 (4th Cir. 1983)..................7

*Perry v. Sindermann*, 408 U.S. 593, 601, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972) .5

*Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 223, 106 S. Ct. 507, 88 L. Ed. 2d 523 (1985)................................................................................................................4

*Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)...................1

*Ridpath v. Board of Governors Marshall University*, 447 F.3d 292, 309, n.16 (4th Cir. 2006) ..............................................................................................................6

*Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013).........................3

*Sheppard v. Visitors of Va. State Univ.*, Civil Action No. 3:18-CV-723-HEH, 2019 U.S. Dist. LEXIS 70661 (E.D. Va. Apr. 25, 2019) .................................................11

*Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 314-15 (4th Cir. 2012) ...................6

*Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005)......................2

*Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)..............................................3

**Rules**

Fed. R. Civ. P. 11(a).................................................................................................2

Fed. R. Civ. P. 12(b)(6)............................................................................................1

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, the plaintiff must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations of a complaint must be "enough to raise a right to relief above the speculation level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007). A motion under Rule 12(b)(6) merely tests the legal sufficiency of a complaint, requiring a court to construe the complaint liberally, assume all facts as true, and draw all reasonable inferences in favor of the Plaintiff. *Id.*

A Rule 12(b)(6) motion "tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "To survive a motion to dismiss, a complaint must contain sufficient factual matter…to state a claim to relief that is plausible on its face." *Acorn Land, LLC v. Balt. County*, 402 Fed. Appx. 809, 816 (4th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A motion to dismiss for failure to state a claim upon which relief can be granted may only be granted if "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief."

1

*Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)).

## LEGAL ARGUMENT

### A. Defendants Motion to Dismiss Should be Denied in its Entirety as it Does Not Conform with Well-Established Pleading Requirements

Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name. Fed. R. Civ. P. 11(a). The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention. Fed. R. Civ. P. 11(a).

Defendants present the present unsigned motion and brief to this honorable court. As such, the contents of the motion and accompanying brief are unverified. The court should dismiss Defendant's Motion to Dismiss in its entirety.

### B. Virginia Tort Law Claims

Plaintiff conceded Plaintiff's negligence and negligent infliction of emotional distress claims in their Opposition to Defendants Motion to Dismiss under Fed. R. Civ. P 12(b)(1). ECF 60. As such, Plaintiff's claims for negligence and negligent infliction of emotional distress claims should be dismissed without prejudice.

### C. Due Process Claim

To succeed on a procedural due process claim, a plaintiff must show (1) that he had a constitutionally cognizable life, liberty, or property interest; (2) that

2

deprivation of that interest was caused by some form of state action; and (3) that the procedures employed were constitutionally inadequate. *Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013). "[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

### (i) Protected Property Interest

Plaintiff has a constitutionally protected property right in his undergraduate degree. To plead a due process claim, a plaintiff must allege facts to show that she was deprived of "'life, liberty or property, by governmental action.'" *Equity in Athletics, Inc. v. Dept. of Education*, 639 F.3d 91, 109 (4th Cir. 2011) "In order to have a property interest in a benefit, a person must have more than a mere 'unilateral expectation of it' or 'abstract need or desire for it.'" *Id.*

The issue of whether a student attending a public university has a property interest in continued enrollment is not settled. Neither the Supreme Court nor the Fourth Circuit have "explicitly recognized a property interest in a student's continued enrollment in a public college or university or a liberty interest in his good name, resulting from a constitutionally infirm disciplinary process." *Doe v. Alger*, 175 F. Supp. 3d 646, 656 (W.D. Va. 2016). However, both courts have assumed that one or both interests exist.

3

In *Regents of Univ. of Mich.*, the Court "accept[ed] the University's invitation" to 'assume the existence of a constitutionally protectible property right in [Ewing's] continued enrollment,'" *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 223, 106 S. Ct. 507, 88 L. Ed. 2d 523 (1985).

The Fourth Circuit also has assumed a property interest in continued enrollment before finding that a student who was expelled received due process. *Butler v. Rector and Bd. of Visitors of Coll. of William and Mary*, 121 Fed. Appx. 515, 518 (4th Cir. 2005).

A property interest also may be conferred by contract, or by a clearly implied promise of the right. *Board of Regents of State Colleges v Roth*, 408 U.S. 564, 577 (1972). "A person's interest in a benefit is a property interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing." *Perry v. Sindermann*, 408 U.S. 593, 601, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972) A written contract is evidence of a formal understanding that supports a claim of a property interest, but absence of a contract may not always foreclose the possibility that a person has a property interest. *Id.*

Plaintiff enrolled at Defendant Virginia Tech University ("Virginia Tech") with the intent to pursue an undergraduate degree. Upon acceptance by Virginia Tech to obtain educational instruction to complete an undergraduate degree, Plaintiff

4

furnished the set tuition. After consideration was paid, Plaintiff became a student at Virginia Tech, completing the contract for educational services to obtain an undergraduate degree. There is a dearth of authority from Virginia courts holding that an implied contract is created through payment of tuition. *Doe v. Washington & Lee Univ.*, 439 F. Supp. 3d 784, 2020 WL 618836, at *8 (W.D. Va. 2020).

As per Virginia Tech's policies and procedures, Plaintiff had an expectation of continued enrollment in the program and to be free from unbased disciplinary action. Plaintiff has a well-established property interest in his educational degree from Virginia Tech.

**(ii)   Protected Liberty Interest**

To make out a liberty interest based on damage to one's good name, reputation, or integrity, a person must show more than a reputational injury to make out a constitutional claim. *Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 314-15 (4th Cir. 2012). A plaintiff must show that his reputational injury was accompanied by a state action that "'distinctly altered or extinguished'" his legal status. *Id.* at 315. This type of injury is sometimes referred to as "stigma-plus." *Ridpath v. Board of Governors Marshall University*, 447 F.3d 292, 309, n.16 (4th Cir. 2006).

While enrolled at Virginia Tech Plaintiff was pursuing an undergraduate degree. A degree which will allow Plaintiff to continue on to a graduate degree program and ultimately secure him a position within the workforce. Plaintiff's

liberty interest in his good name and reputation has been injured as a result of the Defendants action. Plaintiff's honesty and integrity is now called into question. Plaintiff's propensity to commit sexual crimes is now called into question. As a result of the disciplinary proceeding and subsequent decision Plaintiff will now be required to disclose his integrity violation on every application to graduate schools. As graduate school and future employers seek his educational records to determine fit and placement without their respective places of education and employment, Plaintiff will be turned away due to Defendants actions. Plaintiff's constitutionally protected liberty interest has been injured as a result of Defendants actions.

### (iii)   Due Process Measures Provided

Looking at the third prong of the test Plaintiff must plead that that the procedures employed in his disciplinary case were constitutionally inadequate. Plaintiff's disciplinary hearing was constitutionally inadequate in many areas including receiving hearing documents one day prior to the hearing set by the Defendants denying Plaintiff a meaningful opportunity to respond. Defendants further concluded that Plaintiff violated Title IX against a preponderance of the evidence, in direct violation of Defendants policies and procedures.

In *Hensen*, the Fourth Circuit commented on the flexibility of due process requirements in the context of disciplinary proceedings for failure to meet academic standards versus requirements based on allegations of misconduct, concluding that

6

"disciplinary proceedings require more stringent procedural protection than academic evaluations, even though the effects of an adverse decision on the student may be the same." *Henson v. Honor Committee of U. Va.*, 719 F.2d 69, 74 (4th Cir. 1983) (citing *Bd. of Curators v. Horowitz*, 435 U.S. 78, 88, 98 S. Ct. 948, 55 L. Ed. 2d 124 (1978)).

Plaintiff was provided with the evidence to be used against him during the Title IX hearing only a day before the hearing. Plaintiff did not have adequate time to determine the authenticity of the evidence, let alone prepare to rebut the evidence being brought against him. Had Plaintiff been aware of the evidence, Plaintiff would have been prepared to defend such information. As such, Plaintiff was not provided notice of the contents of Jane Doe's testimony regarding the incident utilized by the hearing board. While Plaintiff was able to present his own witnesses, Plaintiff's was unprepared to provide a rebuttal witness and exhibits due to the mishandling of Jane Doe's exhibits by Defendants. Plaintiff had insufficient amount of time to prepare for a hearing that carried the very serious consequence from the university and subsequently in his further educational and workforce careers. Defendants were inadequate to afford him due process.

Plaintiff has adequately pled a due process violation with a taking of both a constitutionally protected property and liberty interest. Plaintiff's due process rights were clearly established at the time of the taking. It is well established that students

within the educational field are afforded the due process right when they have been accused of a wrongdoing that could result in discipline or expulsion. Defendants acted intentionally to deprive Plaintiff of those rights in the handling of Plaintiff's Title IX hearing. As a result of Plaintiff's gender, Defendants assumed guilt against a preponderance of the evidence and wrongfully found Plaintiff guilty of a Title IX violation with irreparable harm as a result.

### D. Equal Protection and Title IX

By taking the partisan contentions by Defendant Doe as absolute fact, Defendant Schuh and Rachael Tully failed to remain objective and expressed a preference for Defendant Doe's account over Plaintiff's account. This preference is a manifestation of gender bias against Plaintiff. But for Plaintiff's male gender, Defendants would have weighed the evidence fairly. By upholding the decision of Defendant Schuh and Rachael Tully on Appeal, Defendant Keene legitimized a Title IX decision that was made on the basis of discrimination, and thereby violated Plaintiff's equal protection rights.

The Fourth Circuit Court of Appeals recently denied the same Defendants' Motion for Summary Judgment in *Doe v. Va. Polytechnic Inst. & State Univ.*, Civil Action No. 7:19-cv-00249, 2022 U.S. Dist. LEXIS 144420 (W.D. Va. Aug. 11, 2022) finding, "it is sufficient that the allegations raise a plausible inference that sex bias is a but-for cause of discriminatory treatment in the disciplinary proceedings.

The court is satisfied with Doe's allegation that Virginia Tech's treatment was motivated by 'sex bias'."

Plaintiff's Second Amended Complaint alleges sufficient facts showing that Plaintiff is the victim of sex discrimination by Defendants Virginia Tech, et al in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*. By taking the partisan contentions by Defendant Doe as absolute fact, Defendant Schuh and Rachael Tully failed to remain objective and expressed a preference for Defendant Doe's account over Plaintiff's account. This preference is a manifestation of gender bias against Plaintiff. Plaintiff being a male was portrayed as a perpetrator of sexual harassment. At no time did Defendants take into consideration the effect that Jane Doe's ex-boyfriend may have portrayed in Jane Doe's filing of the false Title IX complaint. Jane Doe was given the benefit of the doubt at all times, even in light of contradictory evidence. Plaintiff was provided with refutable evidence the date before the hearing, leaving Plaintiff with no time to adequately refute the evidence. Defendants go so far as to say that Plaintiff did not request additional time to respond so they are not in violation of Plaintiff's due process rights in his Title IX hearing. This is preposterous as the Defendants knowingly provided Jane Doe's evidence to Plaintiff a day before the hearing. It is unthinkable to be provided with adverse evidence against a party the day before a hearing is scheduled.

To support a Title IX or equal protection claim under a selective enforcement theory, a 'male plaintiff' must demonstrate that a female was in circumstances sufficiently similar to his own and was treated more favorably by the [school].'" *Doe v. Fairfax Cty. Sch. Bd.*, 384 F. Supp. 3d 598 (E.D. Va. 2019). For their circumstances to be considered "sufficiently similar," two individuals "must have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the [school's] treatment of them for it." *Sheppard v. Visitors of Va. State Univ.*, Civil Action No. 3:18-CV-723-HEH, 2019 U.S. Dist. LEXIS 70661 (E.D. Va. Apr. 25, 2019). Where an accused student seeks to use their accuser as a comparator, the two can be compared to show selective enforcement "only if they both initiate or attempt to initiate a complaint against each other." *Doe*, F. Supp. 3d at 608.

Defendants lean on *Doe 2*'s reading of an accuser being a comparator. The distinguishing feature of the present case is that Plaintiff would have never initiated or attempted to initiate a complaint against Jane Doe as there is no viable evidence of Plaintiff and Jane Doe having engaged in sexual activity. As such, the reliance on *Doe 2* is improper.

In order to make out an erroneous outcome claim under Title IX or the Equal Protection Clause, a plaintiff, "in addition to claiming innocence," must "have evidence in the record (1) sufficient to cast some articulable doubt on the accuracy

10

of the outcome of the disciplinary proceeding and (2) establishing a particularized causal connection between the flawed outcome and gender bias." *Doe v. Fairfax Cty. Sch. Bd.*, 403 F. Supp. 3d 508, 516 (E.D. Va. 2019).

"The first element [of the erroneous outcome inquiry] can be satisfied by (1) pointing to procedural flaws in the investigatory and adjudicative process, (2) identifying inconsistencies or errors in the findings, or (3) challenging the overall sufficiency and reliability of the evidence." *Doe 2*, 384 F. Supp. 3d at 607.

The facts of the case are simple, Plaintiff was accused of a Title IX violation based on a wrongful accusation of sexual misconduct. There is zero evidence that Plaintiff and Jane Doe had a sexual relationship. No evidence that Jane Doe presented linked Plaintiff to a sexual assault, let alone evidence of a sexual occurrence at all. Mere speculation by outside parties does not warrant a guilty Title IX finding. Jane Doe claimed that she was sexually assaulted by Plaintiff, Plaintiff as a male was presumed to have been a perpetrator as a result of his gender. The Title IX hearing board, made up of predominantly women intentionally took Jane Doe's statements as truth in opposition of the evidence presented. Defendants intentionally propounded evidence on Plaintiff at the eleventh hour before the hearing to harm his ability to discredit the validity of the evidence. The evidence provided does not name, nor point to Plaintiff as an individual in which Jane Doe had sexual intercourse with. Further, Defendants failed to take into consideration the

affect Jane Doe's ex-boyfriend may have had in her filing of the false Title IX report. But for Plaintiff being a male student, the preponderance of the evidence showing of innocence, Plaintiff would have not been found in violation of Title IX.

Notably, Jane Doe filed a report with the Blacksburg Police Department. The Montgomery County Prosecutor's Office declined to bring charges against Plaintiff due to a lack of evidence. Without proper evidence of a sexual occurrence between Plaintiff and Jane Doe it is unimaginable to find Plaintiff in violation of Title IX absent gender bias. Defendants failed to consider that Plaintiff, a male, could be the victim in a Title IX investigation.

The Fourth Circuit Court of Appeals recently denied the same Defendants' Motion for Summary Judgment in *Doe v. Va. Polytechnic Inst. & State Univ.*, Civil Action No. 7:19-cv-00249, 2022 U.S. Dist. LEXIS 144420 (W.D. Va. Aug. 11, 2022) finding, "it is sufficient that the allegations raise a plausible inference that sex bias is a but-for cause of discriminatory treatment in the disciplinary proceedings. The court is satisfied with Doe's allegation that Virginia Tech's treatment was motivated by 'sex bias'."

## CONCLUSION

Plaintiff has pled valid claims under §1983 and Title IX against Defendant Virginia Tech; Plaintiff has pled a valid §1983 claim against the Individual Defendants. As such, Defendant's Motion to Dismiss should be denied as to the

above-mentioned claims, the case should be allowed to proceed to discovery and a date set for trial.

Date: April 20, 2023							Respectfully submitted,

Keith Altman, Esq. (*pro hac vice*)
LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (987) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*

/s/ *William W. Smith*
William W. Smith, III, Esq.
(VA Bar ID 92533)
Critzer Cardani, PC
12090 West Broad Street, 2nd Floor
Henrico, VA 23233
(804) 793-8010
(804) 767-3436 fax
Will@cclawva.com

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ROBERT DILLOW, *Plaintiff,* v. VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY; et al., *Defendants.* | Case No. 7:22-cv-00280-TTC |

## CERTIFICATE OF SERVICE

I certify that on April 20, 2022, I served the foregoing Plaintiff's Opposition to Defendants' Motion to Dismiss upon all parties herein by filing copies of same using the ECF System.

Respectfully Submitted,

Keith Altman, Esq.

14