# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

|   |   |   |
|---|---|---|
| **ROBERT DILLOW,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 7:22cv280 |
| | ) | |
| **VIRGINIA POLYTECHNIC INSTITUTE** | ) | |
| **AND STATE UNIVERSITY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
### SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)

Defendants Virginia Polytechnic Institute and State University, Shara Penermon, and Steven Schuh, (collectively "Defendants"), by counsel, submit this reply brief in support of their Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### ARGUMENT & AUTHORITY

**I.   Dillow's Argument Regarding Signed Pleadings is Frivolous.**

Pursuant to Rule 83 of the Federal Rules of Civil Procedure, district courts may prescribe local rules governing practice within the respective district. Fed. R. Civ. P. 83(a). The Local Rules for the United States District Court for the Western District of Virginia state: "The electronic filing of a petition, pleading, motion or other paper by an attorney who is a registered participant in this Court's CM/ECF system shall constitute the signature of that attorney under Federal Rule of Civil Procedure 11 and for all other purposes." W.D. Va. Gen. R. 7(c). Thee same is true in Dillow's *pro hac vice* counsel's home district, the Eastern District of Michigan. See United States District Court Eastern District of Michigan Electronic Filing Policies and



Procedures, *10, available at https://www.mied.uscourts.gov/PDFFIles/policies_procedures.pdf (last accessed Apr. 24, 2023).

Dillow's argument that Defendants' motion and brief should be stricken is patently frivolous.

## II. **Dillow's Due Process Claim Fails.**

### a. **There are no facts supporting a property interest.**

The Court previously instructed Dillow that his claimed property interest based on an implied contract with Virginia Tech failed as a matter of law. ECF No. 47 *21–22. Yet, Dillow advances the very same argument. Dillow still fails "to allege the specifics of any such contract that would raise his right to relief above a speculative level." Id. at *21.

Dillow previously alleged that he "entered into a contract with Virginia Tech in which [he] was to obtain educational instruction in mutual consideration for payment of funds." ECF No. 26, ¶ 15. He also alleged there "was a mutual exchange of consideration for which Plaintiff attended Virginia Tech involving payments and expenditure of time as well as Virginia Tech making its services including educational opportunities available to" him. Id., ¶ 51.

In his current iteration, Dillow alleges substantially the same allegations. Dillow claims he "entered into a contract with Virginia Tech in which [he] was to obtain educational instruction in mutual consideration for payment of funds." ECF No. 49, ¶ 11. This allegation is identical to paragraph 15 of his previous complaint, which the Court cited in its prior ruling on Defendants' Motion to Dismiss. Dillow claims "[t]he contract was executed and Plaintiff enrolled as a student at Virginia Tech." Id., ¶12. This too is an identical allegation from Dillow's previous complaint. See ECF No. 26, ¶ 16. Likewise, Dillow



again alleges there "was a mutual exchange of consideration for which Plaintiff attended Virginia Tech involving payments and expenditure of time as well as Virginia Tech making its service including educational opportunities available to Plaintiff." ECF No. 49, ¶ 62. A side-by-side comparison demonstrates unequivocally that Dillow has not even amended his allegations as to a property interest at all:

| **Amended Complaint (ECF No. 26)** | **Second Amended Complaint (ECF No. 49)** |
|---|---|
| "Plaintiff entered into a contract with Virginia Tech in which [he] was to obtain educational instruction in mutual consideration for payment of funds." (¶ 15) | "Plaintiff entered into a contract with Virginia Tech in which [he] was to obtain educational instruction in mutual consideration for payment of funds." (¶ 11) |
| "The contract was executed and Plaintiff enrolled as a student at Virginia Tech." (¶ 16) | "The contract was executed and Plaintiff enrolled as a student at Virginia Tech." (¶ 12) |
| "There was a mutual exchange of consideration for which Plaintiff attended Virginia Tech involving payments and expenditure of time as well as Virginia Tech making its services including educational opportunities available to Plaintiff." (¶ 51) | "There was a mutual exchange of consideration for which Plaintiff attended Virginia Tech involving payments and expenditure of time as well as Virginia Tech making its service including educational opportunities available to Plaintiff." (¶ 62) |

Rather than accepting the Court's invitation to file an amended complaint with facts to support his claim, Dillow has merely recycled the same pleading. Thus, as the Court previously concluded, Dillow *still* fails to allege facts to demonstrate a property interest.

b. **There are no facts supporting a liberty interest.**

Just like his property interest, Dillow recycles the same allegations to support his asserted liberty interest, which were not sufficient when the Court previously evaluated them. In the Amended Complaint, Dillow alleged in conclusory fashion that "Plaintiff had a constitutionally protected and clearly established liberty interest. . . . The wrongful



629.0449\NHS
4869-4031-0879 .v2

allegations of sexual assault and the dismissal from Virginia Tech are detrimental to Plaintiff's good name and reputation for his future academic and professional career." ECF No. 26, ¶ 52. In his Second Amended Complaint, Dillow alleges that "Plaintiff had a constitutionally protected and clearly established liberty interest. . . . The discipline from Virginia Tech are detrimental to Plaintiff's good name and reputation for his future academic and professional career." ECF No. 49, ¶ 63. Dillow simply replaced "wrongful allegations of sexual assault and the dismissal" to "the discipline."

Nevertheless, Dillow has not alleged facts to support a constitutionally protected liberty interest in his good name and reputation either. To state such a claim, Dillow must allege "a statement 'stigmatizing his good name' and damaging his standing in the community; (2) some type of dissemination or publication of the statement; and (3) some other government action that 'alters or extinguishes one of his *legal* rights.'" Elhady v. Kable, 993 F.3d 208, 225 (4th Cir. 2021) (quoting Paul v. Davis, 424 U.S. 693, 706–11 (1976)). Even assuming Dillow has alleged facts to satisfy the first element, he fails to allege facts supporting the second and third elements.

First, Dillow has not alleged any dissemination or publication of the statement. He does not allege that Virginia Tech publicly disclosed his suspension or even that Dillow has actually been required to disclose it. Rather, he merely speculates that he may have to disclose it at some point in the future.

Second, Dillow has not alleged facts supporting an alteration of his "legal rights." A "status change[ ] from being a fulltime student in good standing, to being a student suspended for two years" is not an alteration of a *legal* right or status. As noted above, Dillow did not enjoy any contractual status by virtue of his payment of tuition. And Dillow



- 4 -

629.0449\NHS
4869-4031-0879 .v2

does not allege any other facts to support his claim that his *legal* right or status was altered by his suspension.

### c. **Dillow received due process.**

Dillow again tries to inject new allegations through his opposition brief. He alleges that Defendants "mishandled" Jane Doe's exhibits. There are no such allegations of Defendants either deliberately or inadvertently "mishandling" Jane's Doe's exhibits in the Second Amended Complaint. There are no allegations at all as to when Defendants received the documents. And as noted previously, this claim is a red herring because there are no allegations that Dillow requested additional time or that Defendants denied any such request. ECF No. 47, *23 n.16.

Dillow argues that his "disciplinary hearing was constitutionally inadequate in many areas including receiving hearing documents one day prior to the hearing set by the Defendants . . . ." ECF No. 61, *10. But the Second Amended Complaint does not allege any other "areas" of the disciplinary hearing that were "inadequate" other than the allegation regarding receiving additional information the night before—the very same allegation that was in the Amended Complaint and insufficient for Dillow's claim to survive dismissal. See ECF No. 47, *23–24.

As the Court previously concluded when evaluating the Amended Complaint, "Dillow alleges that he received all the law entitled him to receive." ECF No. 47, *23. Once again, Dillow's allegations regarding notice and his opportunity to be heard are the same as those in his Amended Complaint and therefore fatal to his claim. Dillow received notice of the charges against him two months in advance of the hearing; he received the investigator's report one month before the hearing; he received Doe's additional evidence



the day before the hearing; he was given an opportunity to be heard and present his defense; and he had an opportunity to appeal. As such, regardless of whether Dillow alleges a property or liberty interest, his own allegations are fatal to his due process claim because he received all the process he was due.

### III. **Dillow's Title IX and Equal Protection Claims Fail.**

Like his other claims, Dillow's sex discrimination claims still fail for the same reasons articulated by the Court. "Dillow does not allege any facts—outside of conclusory allegations—that would support an inference that the decision to suspend him was motivated by sex or gender bias." ECF No. 47, *25–26. Dillow still fails to identify statements by the hearing panel members suggesting gender was a factor in the outcome or allege facts showing that men fare worse than women in Title IX investigations at Virginia Tech. Dillow argues that there was no evidence to support the hearing officers' finding against Dillow, but he does not allege any facts as to what actually occurred during the disciplinary hearing. See ECF No. 49, ¶¶ 34–35.

Dillow argues that "Jane Doe was given the benefit of the doubt at all times," but believing an accuser over an accused does not rise to the level of gender bias. Jacob Doe v. Va. Polytechnic Inst. & State Univ., No. 7:19cv249, 2022 WL 3334501, 2022 U.S. Dist. LEXIS 144420, *28 (W.D. Va. Aug. 12, 2022); Doe v. Fairfax Cnty. Sch. Bd., 403 F. Supp. 3d 508, 519 (E.D. Va. 2019) (bias in favor of alleged victims of sexual assault and against alleged perpetrators is not the equivalent of bias against males) (collecting cases).

Because Dillow still relies solely on conclusory allegations to support his gender bias claims, he fails to state either a Title IX or Equal Protection claim.



629.0449\NHS
4869-4031-0879 .v2

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request entry of an Order granting their Motion to Dismiss Pursuant to Rule 12(b)(1), granting their Motion to Dismiss pursuant to Rule 12(b)(6), dismissing the Second Amended Complaint with prejudice and striking it from the active docket of this Court, and granting such further relief as the Court deems just and proper.

Respectfully submitted,

VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY, SHARA PENERMON, AND STEVEN SCHUH

/s/
Katherine C. Londos (VSB #: 36848)
Nathan H. Schnetzler (VSB #: 86437)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:     540/772-9167
Email: klondos@faplawfirm.com
            nschnetzler@faplawfirm.com

Kay Heidbreder (VSB No.: 22288)
University Legal Counsel and
Senior Assistant Attorney General
*heidbred@vt.edu*
M. Hudson McClanahan (VSB No.: 46363)
*hud3@vt.edu*
Kristina J. Hartman (VSB No.: 92279)
*kjhart06@vt.edu*
Stephen F. Capaldo (VSB No.: 74045)
*scapaldo@vt.edu*
Associate University Legal Counsel and
Assistant Attorney General
University Legal Counsel (0121)
Burruss Hall, Suite 236, Virginia Tech
800 Drillfield Drive
Blacksburg, VA  24060



- 7 -

629.0449\NHS
4869-4031-0879 .v2

Phone: (540) 231-6293  
Fax: (540) 231-6474

*Counsel for Defendants*



629.0449\NHS  
4869-4031-0879 .v2

- 8 -

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 27, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

                                      /s/ Nathan H. Schnetzler
                                             Of Counsel



629.0449\NHS
4869-4031-0879 .v2